### SPETEN v. BOWLES, Adm'r, Office of Price Administration.

#### No. 12928.

Circuit Court of Appeals, Eighth Circuit.

Jan. 17, 1945.

F. E. McCurdy, of Bismarck, N. D., for appellant.

Nathan Siegel, Atty., Office of Price Administration, of Washington, D. C. (David London, Chief, Appellate Branch, Fleming James, Jr., Director, Litigation Division, and Thomas I. Emerson, Deputy Adm'r for Enforcement, all of Washington, D. C., Harry E. Witherell, Regional Litigation Atty., of Chicago, Ill., and James S. Eriksson, District Enforcement Atty., of Fargo, N. D., on the brief), for appellee.

Before GARDNER, WOODROUGH, and JOHNSEN, Circuit Judges.

JOHNSEN, Circuit Judge.

In a suit by the Administrator of the Office of Price Administration, the District Court enjoined appellant from further violating the maximum price regulation on retail prices of farm equipment,[1] promulgated under the Emergency Price Control Act of 1942,[2] as amended,[3] and also entered a judgment in favor of the Administrator for treble the amount of the overcharges made by appellant in the sales of two used combines.

The facts were stipulated. Appellant, who was a resident of North Dakota and not regularly engaged in the business of selling farm equipment, had purchased two used combines from an implement dealer in Kansas, which he learned were avail-

---

[1] Maximum Price Regulation No. 133, 7 Fed. Register 3185, 6936, 7599, 8948, 8 Fed. Register 234, 2286.

[2] Act of January 30, 1942, Public Law 421, § 2(a), 56 Stat. 24, 25, 50 U.S.C.A. Appendix, § 902(a).

[3] Act of October 2, 1942, Public Law 729, § 7(a), 56 Stat. 767, 50 U.S.C.A. Appendix, § 901.

able, and had resold them to some farmers in his locality for excesses of $306.90 and $411 over the ceiling prices in the regulation. The farmers purchased the combines for use in carrying on their farming operations.

■ The first contention urged for reversal is that the purchases of the combines by the farmers must be regarded as having been made "for use or consumption other than in the course of trade or business", because farming does not regularly constitute a trade or business, and that the Administrator therefore, under the statute as it then existed,[4] could not sue the seller for damages. But the assertion that farming is not a commercial pursuit for livelihood and profit and that a purchase of harvesting and threshing machinery for carrying on general farming operations cannot legitimately be said to be for use in the course of a trade or business is, both by common acceptance[5] and within the broad purpose of the Act in fending inflation,[6] hardly more than an ipse dixit that calls for no reply.

■ Appellant further contends that to allow the Administrator to bring suit and recover against him in the situation presented is simply an unconstitutional attempt "to enrich the Treasury of the United States." More specifically, his position, as stated in his answer, is that "the statute herein sought to be enforced is a penal statute and insomuch as it is purely penal and for the benefit of the United States and not for the benefit of the 'injured' parties is unconstitutional and void". His brief, for obvious reasons, cites no authorities, but he merely attempts to lean generally on the Fifth Amendment. It has, however, been so long recognized, as no longer to be an open question, that a congressional provision for a reasonable and measured recovery in favor of the United States, directly or through one of its agencies, as a civil penalty[7] or as remedial damages,[8] for violation of a stat-

---

[4] "If any person selling a commodity violates a regulation, order, or price schedule prescribing a maximum price or maximum prices, the person who buys such commodity for use or consumption other than in the course of trade or business may bring an action * * * for treble the amount by which the consideration exceeded the applicable maximum price * * *. If * * * the buyer is not entitled to bring suit or action under this subsection, the Administrator may bring such action under this subsection on behalf of the United States." § 205(e) of the Act, 56 Stat. 34, 50 U.S.C.A.Appendix, § 925(c).

[5] Farming has been held to be a trade or business within the purview of the Emergency Price Control Act of 1942 in Bowles v. Rock, D.C.Neb., 55 F.Supp. 865, 866, 867, and Bowles v. Silverman, D.C.S.D., 57 F.Supp. 990. It has similarly been held to be a trade or business within the general application of various other statutes, in Spence v. Johnson, 142 Ga. 267, 82 S.E. 646, 649, Ann.Cas.1916A, 1195; Tucker v. Wallace, 90 Mont. 359, 3 P.2d 404, 405; Whipple v. Commissioner, 263 Mass. 476, 161 N.E. 593, 595; Hickey v. Thompson, 52 Ark. 234, 12 S.W. 475, 476; Waggener v. Haskell, 89 Tex. 435, 35 S. W. 1, 2; Plant v. Walsh, D.C.Conn., 280 F. 722, 724; Dupont v. United States, D.C.Del., 28 F.Supp. 122.

[6] The immediate relationship of the price of farm machinery to the problem of inflation was pointed out by the Administrator in his statement of considerations accompanying the issuance of Maximum Price Regulation No. 133, as follows: "The prices the farmer pays for farm machinery bear directly on the cost of production of farm products, and hence on their prices. These prices in turn are a major part of the cost of living so important in determining the level of prevailing wages. Thus a sharp upswing in the retail prices of farm equipment and tractors would inevitably have important inflationary repercussions throughout the American economy." OPA Service 40:371.

[7] "The power of the state to impose fines and penalties for a violation of its statutory requirements is coeval with government; and the mode in which they shall be enforced, whether at the suit of a private party, or at the suit of the public, and what disposition shall be made of the amounts collected, are merely matters of legislative discretion." Missouri Pac. Ry. Co. v. Humes, 115 U.S. 512, 523, 6 S.Ct. 110, 114, 29 L.Ed. 463.

[8] The provision in § 205(e) of the Emergency Price Control Act of 1942 for an action by the Administrator is referred to in some of the Congressional Reports as "a suit for damages on behalf of the United States." See Sen. Rep. No. 922, 78th Cong. 2d Sess. (1944) p. 5; H. Rep. No. 1593, 78th Cong. 2d Sess. (1944); H. Rep. 1698 to accompany S. 1764, 78th Cong. 2d Sess. (1944). See also Bowles v. Chew, D.C.N.D.Cal., 53 F.Supp. 787, 790; Bowles v. Berard, D.C.E.D.Wis., 57 F. Supp. 94, 95, 96. But compare Bowles v. Beatrice Creamery Co., D.C.Wyo., 56 F.Supp. 805, 806. So far as appellant's

ute involving the public interest, is not within the prohibition of the Fifth Amendment.

■ Appellant's other contentions similarly merit only brief comment. The stipulation of facts clearly supports the trial court's finding that appellant was the owner and seller of the combines, and appellant's argued interpretation that he was simply performing services, for a commission, as agent of the farmers, is wholly artificial. The fairness or unfairness of the regulation in allowing regular dealers in farm equipment to add shipping charges to the base price fixed, while denying the right to those, like appellant, who were not regular dealers, is not a question that is cognizable here, but is a matter which Congress has committed to the jurisdiction of the Emergency Court of Appeals created by the Act.[9] The propriety and need for the injunction entered against appellant were primarily matters for the discretion of the trial court, and the record does not warrant us in declaring that there has been an abuse.[10]

■ One final consideration remains. Under section 205(e) of the Emergency Price Control Act of 1942 as it stood at the time this action was tried, the seller of a commodity who had violated a maximum price regulation was liable "either for $50 or for treble the amount by which the consideration exceeded the applicable maximum price, whichever is the greater". Shortly after the entry of the judgment in this case, Congress amended section 205(e), to provide that the seller's liability should be "whichever of the following sums is the greater: (1) Such amount not more than three times the amount of the overcharge, or the overcharges, upon which the action is based as the court in its discretion may determine, or (2) an amount not less than $25 nor more than $50, as the court in

its discretion may determine: Provided, however, That such amount shall be the amount of the overcharge or overcharges or $25, whichever is greater, if the defendant proves that the violation of the regulation, order, or price schedule in question was neither wilfull nor the result of failure to take practicable precautions against the occurrence of the violation." Stabilization Extension Act of 1944, Public Law 383, Tit. I, § 108, 58 Stat. 640, 50 U.S.C.A.Appendix, § 925(e). Under subsection (c) of section 108 of this Act, 50 U.S.C.A.Appendix, § 925 note, "such amendment shall be applicable with respect to proceedings pending on the date of enactment of this Act", as well as to proceedings instituted thereafter. In view of the appeal taken, the present proceeding clearly was one "pending on the date of enactment of this Act", and appellant is entitled to any benefit of the amendment which is applicable to his situation. Cf. Bowles v. Franceschini, 1 Cir., 145 F.2d 510.

On oral argument here, it has been earnestly insisted that, if he is given the opportunity to do so, appellant is able to bring himself within the conditions of the proviso of the amendment, by proof that his violation of the regulation was "neither wilfull nor the result of failure to take practicable precautions against the occurrence of the violation." In the spirit of the amendment, he will be given the opportunity to demonstrate that he is within the terms of the proviso, if he is able to do so. For this purpose, the judgment will be vacated and the cause remanded to the District Court, with directions to allow appellant to make such proof, if he is able, and to enter such judgment against him as is soundly required by the Act in the light of his proof and any counterproof by the Administrator.

Judgment vacated and cause remanded with directions.

---

constitutional argument here is concerned, it is of no moment whether the Administrator's recovery be regarded as a civil penalty or as remedial damages.

[9] Emergency Price Control Act of 1942, § 204, as amended, 56 Stat. 31, 58 Stat. 639, 50 U.S.C.A.Appendix, § 924. See also Yakus v. United States, 321 U.S. 414, 427–431, 64 S.Ct. 660, 669–670, 88 L.Ed. 834; Bowles v. Nu Way Laundry Co., 10 Cir., 144 F.2d 741, 746.

[10] "Hence, we resolve the ambiguities of § 205(a) [of the Act] in favor of that interpretation which affords a full oppor-

tunity for equity courts to treat enforcement proceedings under this emergency legislation in accordance with their traditional practices, as conditioned by the necessities of the public interest which Congress has sought to protect. * * * And their discretion under § 205(a) must be exercised in light of the large objectives of the Act. For the standards of the public interest, not the requirements of private litigation, measure the propriety and need for injunctive relief in these cases." Hecht Co. v. Bowles, 321 U.S. 321, 330, 331, 64 S.Ct. 587, 592, 88 L.Ed. 754.