**BOWLES, Adm'r, Office of Price Administration, v. ROGERS.**

**SAME v. FEIDLER.**

**SAME v. CELIHOWSKI.**

**SAME v. GLINGLE et al.**

Nos. 8741–8744.

Circuit Court of Appeals, Seventh Circuit.

June 12, 1945.

Fleming James, Jr., and Edward H. Hatton, Office of Price Administration, both of Washington, D. C., John E. Scott, Office of Price Administration, of Indianapolis, Ind., Thomas I. Emerson, Deputy Administrator for Enforcement, and Abraham Glasser, Sp. Appellate Atty., both of Washington, D. C., and Walter Heddesheimer, Regional Litigation Atty., of Cleveland, Ohio, for appellant.

Walter R. Arnold, of South Bend, Ind., and Don Kitch and John Kitch, both of Plymouth, Ind., for appellees.

Before EVANS, SPARKS, and MINTON, Circuit Judges.

MINTON, Circuit Judge.

In these cases only one question is presented for our consideration. In each case the defendant had sold a tractor and various pieces of tractor equipment to individuals who were engaged in the business of farming. Each defendant sold the machinery for a price which was above the ceiling price, and the Administrator sued each defendant for three times the amount of the sale price. The District Court held

that the right of action did not belong to the Administrator, and denied him recovery in each case. These appeals were taken by the Administrator to reverse the judgment in each case.

 Counsel for defendant Rogers admitted in the oral argument that a farmer is one who is "engaged in business" within the meaning of the statute. This defendant further states in his brief:

"* * * in the legal acceptance of the term, 'business' is appropriate to designate the activity known as farming."

It has been held that "farming" is a "business" for the purpose of deducting losses in income taxes. Spence v. Johnson, 142 Ga. 267, 82 S.E. 646, Ann.Cas.1916A, 1195. The same construction has been given the word "farming" under a statute, providing that slander against a person may consist of charges made "* * * in reference to his trade, office, or profession * * *." Whipple v. Commissioner, 263 Mass. 476, 161 N.E. 593. Under Section 205(e) of the Emergency Price Control Act, it has been held that "farming" is a "business." Bowles v. Silverman, D.C., 57 F.Supp. 990. The sole question presented on this record, therefore, is whether the Administrator may sue for triple the amount of the excess of the sale price over the ceiling price.

The statute which is controlling provides:[1]

"If any person selling a commodity violates a regulation, order, or price schedule prescribing a maximum price or maximum prices, the person who buys such commodity for use or consumption other than in the course of trade or business may bring an action either for $50 or for treble the amount by which the consideration exceeded the applicable maximum price, whichever is the greater, plus reasonable attorney's fees and costs as determined by the court. * * * If any person selling a commodity violates a regulation, order, or price schedule prescribing a maximum price or maximum prices, and the buyer is not entitled to bring suit or action under this subsection, the Administrator may bring such action under this subsection on behalf of the United States. * * *"

■ There is no question on the record but that the farmers purchased the machinery for consumption in their business of farming. The individual farmer was not the consumer of the tractor as if it were food or clothing, nor was he the consumer who purchased it for use or consumption "other than in the course of trade or business." Therefore, the farmer was not entitled to bring the action. If a farmer who is a buyer is not entitled to bring the action, the Administrator may bring it on behalf of the United States.

In this view of the statute, courts of high distinction have concurred. Bowles v. Seminole Rock & Sand Co., 5 Cir., 145 F. 2d 482;[2] Speten v. Bowles, 8 Cir., 146 F. 2d 602; Lightbody v. Russell, 293 N.Y. 492, 58 N.E.2d 508.

We think the right of action in these cases was in the Administrator, and the District Court was in error to hold otherwise. The judgments are reversed.

UNITED STATES v. FRIED.

No. 361.

Circuit Court of Appeals, Second Circuit.

June 21, 1945.

---

[1] United States Statutes at Large, Vol. 56, Title II, Section 205(e), 34, 50 U.S. C.A.Appendix 925(e).

[2] Reversed on other grounds June 4, 1945, 65 S.Ct. 1215.