**BOWLES, Administrator, Office of Price Administration, v. FLOODWOOD CO-OPERATIVE CREAMERY ASS'N.**

Civ. No. 498.

District Court, D. Minnesota, Fifth Division.

Oct. 22, 1945.

Harris J. Nuernberg, District Enforcement Attorney, and Amherst Tautges and Bessie Levine, Enforcement Attorneys, of Office of Price Administration, all of St. Paul, Minn., for plaintiff.

Amasa Wheeler and Herbert M. Burns, both of Duluth, Minn., for defendant.

DONOVAN, District Judge.

Plaintiff seeks to enjoin defendant from violating Regulation No. 1 of the Office of Economic Stabilization, issued August 5, 1943 (8 F.R. 10988), promulgated pursuant to the Stabilization Act of 1942, 50 U.S.C.A. Appendix, § 961 et seq. The complaint charges defendant with violation of said Regulation in:

"That on the 23rd day of April, 1945, and on divers dates since that time, defendant broke beef and veal carcasses and wholesale cuts, and in the course of trade or business received beef and veal from its customers and permitted such beef and veal to be stored in its cold storage lockers, which beef and veal was not graded or grade marked as required by said Regulation No. 1.

"That if the defendant is not restrained from breaking beef and veal carcasses and wholesale cuts, and from receiving, in the course of trade or business, beef and veal, and permitting such beef and veal to be stored in its plant by itself or its customers, which meat has not been graded or grade marked, it will continue so to do, and such continued violation of the said Regulation No. 1 by the defendant will cause irreparable injury to the plaintiff in the administration of the Price Control and Rationing Program for meat, and the policies of the United States as set forth in the Stabilization Act of 1942, and the purposes of such Regulation No. 1 of the Office of Economic Stabilization will be defeated.

"That plaintiff has no adequate remedy at law."

In its answer, defendant alleges reliance on previous "rulings and understandings had" with the Office of Price Administration and, further, that: "Defendant in-

formed and advised the Duluth-Superior District Office of the Office of Price Administration of what it was doing prior to the making of this complaint and requested advice as to whether it was in any violation in not having farmers' meat for their own consumption graded. That the failure to grade farmers' meat for their own consumption was not an intentional violation and that Defendant definitely and permanently discontinued such violation immediately upon learning it was making such violation and prior to the making of this complaint, all to the knowledge of said Office of Price Administration."

By supporting affidavits it appears that the investigation made by plaintiff, and upon which this action is based, arose out of voluntary disclosures made to plaintiff by defendant with a view to obtaining information that would lead to an intelligent understanding of plaintiff's requirements and full compliance with said regulation. Further, "That there was no intentional violation of such O.P.A. regulations * * * and in this instance the practice complained of was immediately discontinued * * * after knowledge of the same. That the officials in the Duluth-Superior District office of the Office of Price Administration have known that any failure or neglect * * * to comply with the O.P.A. regulations was involuntary and has been corrected since discovered, and have further known of the good faith and diligence on the part * * *" of defendant.

Nothing in the supporting affidavit or testimony of Joe Roth, investigator of the Duluth-Superior District Office of the Office of Price Administration, even suggests willful or intentional violation of the Stabilization Act.

 1. Plaintiff's motion for a preliminary injunction is denied. There can be no doubt on the record here made of defendant's "good faith and diligence". The injury or wrong sought by plaintiff to be enjoined "was corrected as soon as discovered". Defendant's claimed good faith, uncontradicted by plaintiff, urges the exercise of this Court's discretion and refusal to issue an injunction under the particular circumstances here existing. In support of this conclusion see Hecht Company v. Bowles, etc., 321 U.S. 321, 64 S.Ct. 587, 88 L.Ed. 754.

2. The absence of evidence of continued violations, subsequent to defendant's being warned or informed that the regulation has been or is being violated, taken in conjunction with defendant's proof that the violation was inadvertent and unintentional, together with an immediate promise to discontinue the infraction complained of, makes it obvious that a preliminary injunction would serve no useful purpose at this time.

3. The propriety of and need for injunction is discretionary with the Court. Speten v. Bowles, etc., 8 Cir., 146 F.2d 602. Inasmuch as the record makes it clear that defendant acted in good faith and immediately discontinued the practice complained of, no injunction will be granted, but an order will be entered "retaining the case on the docket with the right of the Administrator, on notice, to renew his application for injunctive relief" if a violation should recur.

Counsel may submit an appropriate order.