BOWLES, Price Administrator, v. TRULLINGER.

No. 11013.

Circuit Court of Appeals, Ninth Circuit.

Dec. 5, 1945.

192

George Moncharsh, Deputy Administrator for Enforcement, OPA., David London, Chief, Appellate Branch, and Samuel Cohen, Atty., all of Washington, D. C., Herbert H. Bent, Regional Litigation Atty., of San Francisco, Cal., and Adams F. Joy, Atty., OPA., of Portland, Or., for appellant.

Cake, Jaureguy & Tooze and Nicholas Jaureguy, all of Portland, Or., for appellee.

Before GARRECHT, MATHEWS, and ORR, Circuit Judges.

GARRECHT, Circuit Judge.

This is an appeal from the lower court's dismissal of an action for statutory damages brought by the Administrator of the Office of Price Administration, the appellant, for the sale of a used tractor in violation of Maximum Price Regulation No. 136.

The lower court proceeded on the theory that one Earl Gilmore purchased the used Allis-Chalmers tractor from the appellee as an ultimate consumer and the sale was made to him for use or consumption not in the course of trade or business within the meaning of the Emergency Price Control Act. The court placed the right of action in Gilmore and not with the Administrator.

Section 205(e) of the Emergency Price Control Act of 1942[1] provides that any person who buys a commodity for use or consumption other than in the course of trade or business in violation of any maximum price regulation may bring an action against the seller on account of the overcharge and collect $50 or treble the amount of the overcharge plus reasonable attorney's fees and costs. The subsection further provided that if "any person selling a commodity violates a regulation, order, or price schedule prescribing a maximum price or maximum prices, and the buyer is not entitled to bring suit or action under this subsection, the Administrator may bring such action under this subsection on behalf of the United States."

Section 4(a) of the same Act, 50 U.S. C.A.Appendix § 904(a), not only makes it unlawful for the seller to charge more than the maximum price prescribed by the regulation, but further prohibits the buyer from paying more than the maximum price when the sale is made for use or consumption in the course of trade or business.[2]

At the hearings on Price Control Bill, House Report No. 5990 (77th Congress, 1st Session, 1941) page 141, it is evident that Congress intended to make a distinction between the two classes of buyers. It was pointed out in the hearings that a great deal more pressure was exerted on sellers by persons who buy in the course of trade or business, or for commercial reasons, and so the price regulations were made equally applicable to these purchasers. Since this type of purchaser had no right to sue the seller, the right to recover statutory damages for violation of the maximum price regulations in the case of industrial buyer or buyers in the course of trade or business was vested only in the Administrator. Non-commercial consumers are the only ones empowered by the Act to bring suit for overcharges. See also Senate Report 931, page 8, (77th Congress, 2d Session), and House Report 1658, page 26, (77th Congress, 2d Session).

The lower court applied the test of whether the purchase was for resale or ultimate consumption holding that since the purchaser was the ultimate consumer, the tractor was not bought for use in the course

[1] This act has been amended, effective June 30, 1944, to permit the Administrator to bring suit also where the buyer fails to bring suit within thirty days. § 925(e), Title 50, War, Appendix, U.S. C.A.

[2] Section 4(a): "It shall be unlawful, regardless of any contract, agreement, lease, or other obligation heretofore or hereafter entered into, for any person to sell or deliver any commodity, or in the course of trade or business to buy or receive any commodity, or to demand or receive any rent for any defense area housing accommodations, or otherwise to do or omit to do any act, in violation of any regulation or order under section 2, or of any price schedule effective in accordance with the provisions of section 206, or of any regulation, order, or requirement under section 202(b) or section 205(f), or to offer, solicit, attempt, or agree to do any of the foregoing."

of trade or business. This test is not in conformity with the Act as construed by the courts.

 The only question here is whether the tractor was purchased for use or consumption in the course of trade or business.

Earl Gilmore admittedly purchased the used crawler-type tractor from the appellee for use in the business of logging.

The court said in Bowles v. Seminole Rock & Sand Co., 5 Cir., 145 F.2d 482, 483, "the fact that the purchaser was the ultimate consumer of the material is of no significance, for the statute impliedly excludes not only purchasers for use in the course of trade, but also purchasers for consumption in the course of business." cf. Lightbody v. Russell, 293 N.Y. 492, 58 N.E. 2d 508.

The purchase of threshing machinery for farming operations is "for use in the course of a trade or business." Speten v. Bowles, 8 Cir., 146 F.2d 602, 604. See also Bowles v. Rogers, 7 Cir., 149 F.2d 1010; Bowles v. Rock, D.C.Neb., 55 F.Supp. 865.

In Bowles v. Glick Lumber Co., 9 Cir., 146 F.2d 566, this court had before it the facts which are not parallel with the facts in the case at bar, but in that case also the seller was contending that the Administrator did not have the right to sue for the overcharges in excess of the maximum price regulation. The court drew a distinction between private purchasers who buy for personal use or non-commercial users and buyers in the course of trade or business. The analysis of the Act is based on the legislative history of the Act. cf. Bowles v. Jones, 10 Cir., 151 F.2d 232.

 Logging is a commercial pursuit for livelihood and profit, and a purchase of a tractor for carrying on logging operations is a purchase for use in the course of trade or business.

For further authority we quote Interpretation[3] of Maximum Price Regulation 136 as issued September 1, 1943, to be found in Metal and Machinery Desk Book, 60:-403:

"Crawler type tractor sold by one farmer to another. The sale of crawler tractor by one farmer to another is subject to the regulation. Such a sale is not a sale 'at retail', except pursuant to Section 1390.2 (f), because a farmer is a commercial user. A farmer is considered a commercial user, since he operates his farm as a commercial activity and purchases the equipment for use in carrying out that activity."

This purchase, therefore, was a purchase for use and consumption in the course of business of logging, and as the price charged exceeded the maximum provided by the regulation, the cause of action arising from such unlawful act was vested by the statute in the Price Administrator only.

The lower court made no finding as to whether the violation was wilful or the result of failure to take practicable precautions.

The judgment is reversed, and the cause remanded for further proceedings consistent with this opinion.

---

[3] Colgate-Palmolive-Peet v. United States, 320 U.S. 422, 64 S.Ct. 227, 88 L.Ed. 143.