1022

## BOWLES, for and on Behalf of UNITED STATES, v. BARKER.

### No. 9012.

Circuit Court of Appeals, Seventh Circuit.

June 12, 1946.

George Leonard, Litigation Division, and Amos J. Coffman, Regional Attorney, Office of Price Administration, both of Chicago, Ill., and George Moncharsh, Deputy Adm'r for Enforcement, Milton Klein, Director, Litigation Division, David London, Chief, Appellate Branch, and Abraham H. Maller, Sp. Appellate Atty., Counsel for Price Administrator, Office of Price Administration, all of Washington, D. C., for appellant.

Stanley H. Guyer, of Rockford, Ill., for appellee.

Before SPARKS, MAJOR and MINTON, Circuit Judges.

PER CURIAM.

The Administrator of the Office of Price Administration appeals from an order of the District Court dismissing his suit to re-cover triple damages for the sale by appellee of certain used farm equipment at prices in excess of the maximum established by the provisions of Maximum Price Regulation No. 133.

The sole question presented by the appeal is whether the purchase by a farmer of equipment for use in his own farming and not for resale constitutes a purchase "for use or consumption other than in the course of trade or business" within the meaning of § 205(e) of the Emergency Price Control Act, as amended, 50 U.S.C.A. Appendix, § 925(e), so as to vest the statutory right of action for a price overcharge under that section in the purchaser instead of in the Administrator.

This court has already passed on the precise question here presented, deciding it adversely to the defendant. See Bowles v. Rogers, 7 Cir., 149 F.2d 1010. The same conclusion has been reached in other cases subsequently decided by other Circuit Courts of Appeal. See Bowles v. Madl, 10 Cir., 153 F.2d 21; Bowles v. Trullinger, 9 Cir., 152 F.2d 191; Bowles v. Whayne, 6 Cir., 152 F.2d 375.

Judgment reversed on the authority of Bowles v. Rogers, supra, and other cases cited.