**PORTER, Price Administrator, v.
MATHISEN et al.**

**Civil Action No. 176.**

District Court, D. Minnesota, First Division.

June 17, 1946.

Bess Levine, Enforcement Atty., Office of Price Administration, of St. Paul, Minn., for plaintiff.

Zeamore A. Ader, of Chicago, Ill., for defendants.

DONOVAN, District Judge.

Plaintiff brings this action to enjoin defendants from violating the Emergency Price Control Act of 1942, 50 U.S.C.A. Appendix, § 901 et seq., as amended by the Stabilization Act of 1942, 50 U.S.C.A. Appendix, § 961 et seq.

The complaint alleges, among other things:

"That on or about April 26, 1945, the said defendants purchased and received eggs at prices in excess of the maximum prices established for such commodities by Revised Maximum Price Regulation Number 333, as amended, in violation of said Regulation."

Plaintiff asks that defendants be restrained and enjoined from selling and de-livering such commodities in violation of said Regulation.

Defendants by answer denied violation of said Act and Regulation.

The case was tried to the Court. Plaintiff introduced the pertinent Regulation in evidence. Plaintiff's witness, Laura Fawcett, testified that she was employed by plaintiff during April and May, 1945, as an investigator, and on April 25, 1945, she took a statement from defendant Roy Mathisen. The statement was received in evidence as plaintiff's exhibit. Plaintiff's witness Fawcett further testified that Mathisen told her defendants paid farmers 31 cents per dozen for eggs. She made contact with four of defendants' "buyers" in a checking process connected with her work as an investigator. She frankly admits that defendant Mathisen did not impress her "as trying to violate the law" here applicable.

Another witness called by plaintiff, one Lester Young, testified he was buying eggs for defendants at 31 cents per dozen and was paid a consideration or commission of 1½ cents per dozen for his services. He admitted that defendant Mathisen told him "to stay within the ceiling," and that Mathisen impressed him "as trying to do the right thing."

Roy Mathisen testified that defendants were engaged in buying eggs for distribution to hotels and restaurants in Chicago. Mathisen consulted plaintiff's representative in LaCrosse, Wisconsin, in March, 1945, and after describing his operations as above outlined, he was told by plaintiff's representative that "we were operating according to the regulations." This was followed by a second visit to the office of plaintiff by Mathisen at which time he said he "talked to a Mr. Clark about poultry price ceilings and I mentioned eggs again and he [Clark] said we were operating okay."

Defendants have impressed the Court as earnestly seeking to carry on their business within the spirit, intent and letter of the law. The record in the case at bar indicates defendants' good faith in endeavoring to carry out the terms of the Act here

governing, and a sincere desire to comply therewith.

Defendants' evidenced good faith invokes the exercise of the Court's discretion in denying the issuance of an injunction under the facts here controlling. The Hecht Co. v. Bowles, etc., 321 U.S. 321, 64 S.Ct. 587, 88 L.Ed. 754; Speten v. Bowles, etc., 8 Cir., 146 F.2d 602.

If defendants should attempt to evade said Act or the Regulations issued thereunder by "direct or indirect methods" as prohibited by MPR 333, § 1429.55, plaintiff will be afforded a remedy, as the Court is retaining this case on the docket with the right of the plaintiff, or his successor in office, on notice, to renew plaintiff's application for injunctive relief in the event of further claimed violations by defendants.

Counsel may submit an appropriate order.