## Segal v. Maxin

*Earl Chudoff*, for plaintiff.
*F. Raymond Heuges*, for defendant.

JONES, J., November 6, 1947.—This is an action in assumpsit. The plaintiff in his Statement of Claim avers that on or about May 7, 1946 he purchased from the defendant "a G. A. three wheel 1935 Servi-Car

Harley Davidson Motor Cycle for the sum of $300.00" and that he made payment thereof on or about the same date, that "In accordance with the Emergency Price Control Act of 1942 and its amendments and supplements, the Office of Price Administration set a ceiling price on the aforesaid motor cycle of $204.00 and said ceiling price was in effect on the date that the plaintiff purchased the aforesaid motor cycle from the defendant, to wit, May 7, 1946."

The plaintiff further avers that in violation of the said Acts the defendant charged the plaintiff the sum of $96.00 over and above the ceiling price for the said cycle and that "In accordance with the Emergency Price Control Act of 1942 and its amendments and supplements, the plaintiff, *as a consumer*, is entitled to recover from the defendant three times the overcharge, or $288.00, plus reasonable counsel fees." (Italics supplied.)

The plaintiff concludes his statement with the averment that though demand was made the defendant refused to make payment of the sum claimed and for this reason the plaintiff brings suit for the said sum of $288.00 with interest from May 7, 1946 plus "reasonable counsel fees."

The defendant in his pleadings admits the sale but denies all material averments on which the plaintiff has founded his action.

At the trial of the cause the plaintiff presented no evidence other than making offers of various portions of his Statement of Claim upon the ground of either an express admission in the Affidavit of Defense or an insufficient denial thereof.

It would appear, though not so averred in the Statement of Claim, that the action is based upon an alleged violation of sub-section (e) of Section 205 of the Emergency Price Control Act of 1942 as amended. The cited clause was amended by the Act approved June 30, 1944. The date of the sale in the instant case was

May 7, 1946, a time subsequent to the effective date of the amendment. The plaintiff-purchaser claims damages for the violation of the statute which prescribes the terms and conditions of the sale as to price and the measure of damages in the event of a violation of the statute.

Irrespective of various questions raised as to offers and objections to admissions in evidence of portions of the pleadings and testimony offered by the defendant, the basic question is whether or not the plaintiff is one entitled to bring the action.

Said sub-section (e) as amended confers the right of action upon "the person who buys such commodity for use or consumption other than in the course of trade or business". The plaintiff avers in his Statement of Claim that he is entitled to recover treble damages and reasonable attorney's fees from the defendant-seller "as a consumer". There is no averment in the Statement of Claim nor was any evidence presented by the plaintiff that he was such person thus entitled to bring the action against the defendant on account of the alleged over-charge. He did not negative the statutory exception by alleging and proving that he purchased the cycle for use or consumption other than in the course of his trade or business. (See Lightbody v. Russell, 293 N. Y. 492; 58 N. E. (2d) 508, (Nov. 30, 1944).) To the contrary the evidence established the fact that the plaintiff purchased the cycle for use in his business of operating parking lots in Atlantic City.

The right of action for a violation of the federal statute is not conferred upon the consumer as such. If the buyer is a "person who buys such commodity for use or consumption other than in the course of trade or business", to him is given a right of action; if he is not such person, then, if there be a violation of the statute, the right of action is in the Price Administrator.

This conclusion is made unmistakably clear in decided cases, to some of which brief reference will be made.

In the case of Bowles v. Madl, 153 F.(2d), 21 (Dec. 10, 1945), the Circuit Court of Appeals, Tenth Circuit, in reversing the District Court held that the purchase of farm equipment for use in carrying on purchaser's farming operations was for use or consumption in the course of trade or business and that the cause of action for statutory damages was vested in the Price Administrator. The District Court had held that the Price Administrator had no right of action, the statutory cause of action having been conferred upon the purchaser.

In the case of Bowles v. Trullinger, 152 F. 2d, 191 (Dec. 5, 1945), the Circuit Court of Appeals, Ninth Circuit, reversed the District Court which had held that the right of action inhered in the purchaser and not in the Price Administrator, the facts in the case being that the purchaser had bought a used tractor for use in the business of logging. The Circuit Court of Appeals held that such purchase was for "use in the course of trade or business" under the said Emergency Price Control Act and that the right of action was in the Administrator only.

In the case of Bowles v. Whayne, 152 F.(2d), 375 (Dec. 17, 1945) the Circuit Court of Appeals, Sixth Circuit, reversed the District Court which had denied the right of action by the Price Administrator to recover damages under the federal statute. In this case a coal mining company had purchased from a wholesaler at over ceiling price a drag line machine for use in its business of mining coal. The Circuit Court held that the purchase was for "use in the course of a trade or business" within the provisions of the federal statute and that the right of action was in the Price Administrator rather than in the purchaser. (See also Bowles v. Cabot, 153 F. (2d), 258 (C. C. A. 2) (Jan. 30, 1946) ; Bowles v. Heinel Motors, 59 F. Supp., 759

(D. C.-Pa.) (Oct. 18, 1944, affirmed June 13, 1945).)

In the case of Lightbody v. Russell, 293 N. Y. 492; 58 N. E. (2d), 508 (Nov. 30, 1944), supra, it was said, inter alia, with reference to the Emergency Price Control Act of 1942:

"The statute gives plaintiffs a cause of action in the circumstances set forth in the complaint only where the commodity is sold at a price in excess of the prescribed ceiling or maximum price and purchased by them 'for use or consumption other than in the course of trade or business.' They cannot bring the suit or successfully maintain a cause of action unless they allege and prove that they purchased the tractor for use or consumption other than in the course of their trade or business. That allegation and proof of the fact is a statutory condition to the cause of action. The statute contains the exception as the foundation of a cause of action and plaintiffs fail to state a case since they do not negative the exception . . ."

In conclusion the court said, reversing the lower court,:

"In view of the conclusion that the complaint fails to state facts sufficient to constitute a cause of action it becomes unnecessary to pass upon the question as to whether the second defense is sufficient in law upon its face."

The law declared in the cited cases is conclusive in the instant case. Here not only is there no averment and proof that the plaintiff was a person who had purchased the commodity for use and consumption other than in the course of his trade or business but on the contrary there was uncontradicted evidence that the purchase was made for use in the course of the business of the plaintiff; hence it is that the cause of action, if any there was, was vested by the statute in the Price Administrator only and not in the plaintiff-purchaser. In view of the foregoing there is no need to pass upon any question raised in the course of the trial. It is required that the action be dismissed.