THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. LEROY T. BRADFORD, Respondent.

**Conservation Law — provision requiring all persons engaged in hunting to have a license — exception as to persons hunting on farmland owned, leased or occupied by them — complaint must allege that defendant did not come within exception.**

The Conservation Law (Cons. Laws, ch. 65, § 185, subd. 1) requires all persons engaged in hunting to procure a license. By subdivision 8 of the section an exception is made as to persons hunting on farm land owned or leased and occupied by them. In this action to recover a penalty for violation of the statute, the complaint did not negative the fact that defendant was one of the persons within the description in the latter provision. *Held*, that it was necessary for the People in the complaint to negative the fact that defendant came within the exception, but that the burden will rest on the defendant to prove the existence or non-existence of the facts making the exception.

*People* v. *Bradford*, 178 App. Div. 371, affirmed.

(Argued June 4, 1919; decided July 15, 1919.)

APPEAL from a judgment entered May 7, 1917, upon an order of the Appellate Division of the Supreme Court in the third judicial department, reversing a judgment in

favor of plaintiff entered upon a verdict directed by the court.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Merton E. Lewis, Attorney-General* (*W. T. Moore* of counsel), for appellants. The court below erred in dismissing the complaint. (*Harris* v. *White*, 81 N. Y. 532.)

*Frank Talbot* for respondent. The Appellate Division was correct in its application of the rule of pleading resulting in a dismissal of the complaint. (*People* v. *Lupton*, 52 Misc. Rep. 336; *Molloy* v. *Village of Briar Cliff Manor*, 217 N. Y. 577; *People* v. *Stedeker*, 175 N. Y. 57; *Rowell* v. *Janvrin*, 151 N. Y. 60; *People* v. *Ebelt*, 180 N. Y. 470; *Harris* v. *White*, 81 N. Y. 532; *Dawson* v. *People*, 25 N. Y. 399; *People* v. *Kane*, 43 App. Div. 477; *People* v. *Spees*, 18 App. Div. 620; *People* v. *Stark*, 59 Hun, 51; 136 N. Y. 538; *People* v. *Levy*, 77 Misc. Rep. 556; *Bloodgood* v. *Mohawk & H. R. R. R. Co.*, 18 Wend. 9; *People* v. *Bailey*, 103 Misc. Rep. 366.)

HISCOCK, Ch. J. This action was brought to recover a penalty for the alleged violation of section 185 of the Conservation Law (Cons. Laws, ch. 65) by defendant through refusal to exhibit a license permitting him to hunt.

The provisions of the statute on which the prosecution rests and under which the question presented to us is to be decided provide as follows: " Hunting and Trapping License. Subdivision 1. *License required.* No person or persons shall at any time hunt, pursue or kill with a gun any wild animals * * * or engage in hunting or trapping *except as herein provided* without first having procured a license so to do * * *.

" Subdivision 8. *Exception.* Provided that the owner or owners of farm land, and their immediate family or families occupying and cultivating the same, or the

lessee or lessees thereof and their immediate family or families who are actually occupying and cultivating the same, shall have the right to hunt, kill and take game * * * on the farm land of which he or they are the *bona fide* owners or lessees, during the season when it · is lawful to kill and take the same, without procuring such resident license."

The plaintiff in its pleadings did not negative the fact that defendant was one of the persons described in the last provision of the statute and a motion having been made to dismiss the complaint as not alleging a cause of action the question has been and is presented whether with that failure it is sufficient. The determinative inquiry in this connection has been whether the provisions in favor of the persons described in the last quoted provision of the statute constitute an exception to the general scope of the statute or a proviso withdrawing them from the effect of the statute and thus constituting a defense to be pleaded. We think that they constitute, as in fact they are specifically labeled, an exception and that, therefore, it was necessary for the People in the complaint to negative the fact that defendant came within the exception. (*Rowell* v. *Janvrin,* 151 N. Y. 60; *People* v. *Stedeker,* 175 N. Y. 57, 67; *U. S.* v. *Cook,* 17 Wall. 168, 177.) This question has been so satisfactorily discussed in the opinion of Mr. Justice WOODWARD at the Appellate Division that we do not deem it necessary to consider it at farther length. We have deemed it useful, however, to consider the answer which we think may be made to the argument addressed to us in behalf of the People that if the provisions referred to constitute an exception which must be negatived by the complaint and the proofs a burden will be laid on the prosecution which it will be difficult for it successfully to carry. It is pointed out that the statute if construed as an exception names many circumstances as exempting a defendant from its operation which would be peculiarly within the knowledge of such defendant and which it

would be almost impossible for the People to disprove. This is manifestly so and because it is so we do not believe that the plaintiff is compelled to go to the extent of both alleging and proving non-existence of the circumstances making the exception. On the other hand the rule seems to be fairly well established that in such a case as this while the plaintiff is obliged to plead non-existence of the exception the burden will rest upon the defendant, who has peculiar and almost exclusive knowledge of the existence or non-existence of the facts making the exception, to prove such facts if they do exist. While this rule is a somewhat arbitrary one it is practical and based on good sense and in our opinion is applicable to such a case as the present one. (1 Greenleaf on Evidence [13th ed.], §§ 78, 79; 1 Phillips on Evidence [4th Am. Notes. with Cowen & Hill's Notes], p. 821; *Harris* v. *White*, 81 N. Y. 532, 548.) For these reasons we think the complaint was defective and that without discussing the other reasons urged therefor by the defendant, the judgment should be affirmed, with costs.

COLLIN, CUDDEBACK, CARDOZO, POUND, MCLAUGHLIN and ANDREWS, JJ., concur.

Judgment affirmed.