RODEN LIGHTBODY et al., Copartners under the Name of LIGHT-BODY BROTHERS, Respondents, *v.* WILLIAM RUSSELL, Doing Business as LONG ISLAND POTATO EXCHANGE, Appellant.

CHESTER BOWLES, as Price Administrator of the Office of Price Administration, Intervener.

Argued October 3, 1944; decided November 30, 1944.

*Otho S. Bowling* for appellant. The complaint does not state a cause of action. (Emergency Price Control Act of 1942, U. S. Code, tit. 50, § 925, subd. [e]; Senate Report No. 931, 77th Cong., 2nd Sess., p. 8; OPA Service 11, 804; Commerce Clearing House, War Law Service, Price Control, par. 42, 402–416; *Bowles* v. *Empire Packing Co.*, OPA Service, 620: 351; 4 Commerce Clearing House War Law Service, Price Control, par. 51,074; *U. S.* v. *Amer. Trucking Ass'ns*, 310 U. S. 534; *Sommer* v. *Kelly Co.*, 182 Misc. 157.)

*Sol Rubin* for respondents. The courts below correctly held that plaintiffs may maintain this action. (*Zwang* v. *A. & P. Food Stores*, 181 Misc. 375; *Johnson* v. *Southern Pacific Co.*, 196 U. S. 1.)

*Paul L. Ross, Fleming James, Jr.,* and *Werner Ilsen* for Chester Bowles, as Price Administrator of the Office of Price Administration, *amicus curiæ*. I. The Administrator is entitled to recover. (*Bowles* v. *Rock*, 2 OPA., OP. & Dec. 2065; *Bowles* v. *Chew*, 53 F. Supp. 787; *Bowles* v. *Empire Packing Co.*, 1 OPA Op. & Dec. 1059; OPA Serv. pp. 620:351; *Sommers* v. *E. B. Kelly Co., Inc.*, 47 N. Y. S. 2d 57; *Bowles* v. *American Stores*, 139 F. 2d 377.) II. The administrative interpretation of the statute under which the agency operates is entitled to great weight. (*United States* v. *Amer. Trucking Ass'ns*, 310 U. S. 534; *White* v. *Winchester Club*, 315 U. S. 32; *Colgate-Palmolive Peet Co.* v. *United States*, 64 S. Ct. 227.)

RIPPEY, J. Plaintiffs are copartners, engaged in New Rochelle, N. Y., under the firm name and style of Lightbody Brothers,

in the business of the moving and storage of personal property. In their complaint they allege " that heretofore and on or about the 18th day of May, 1943, the defendant sold to plaintiffs and the plaintiffs purchased of the defendant, at Huntington, Long Island, New York, one Mack Tractor, 1938, Model E. J., Serial #E. J. 1D H 1035, Motor #898, for use by these plaintiffs as the ultimate consumer " and that defendant delivered the second-hand tractor to them upon the receipt of the sum of twenty-five hundred dollars which was the agreed price thereof. They further allege that the ceiling and maximum lawful price for the sale of the tractor was eight hundred and six dollars and forty cents as fixed by the regulations of the Office of Price Administration then in force and that, as a result of the transaction, they were damaged by the difference between the ceiling price and the sum paid to defendant. They sue for and claim to be entitled to recover from defendant treble damages by virtue of the terms of the applicable statute then in force.

The statute under which the plaintiffs brought this action and must recover, if they are entitled to recover at all, is section 205, subdivision (e), of the Emergency Price Control Act of 1942, which, at the time this action was commenced, read as follows: " If any person selling a commodity violates a regulation, order, or price schedule prescribing a maximum price or maximum prices, the person who buys such commodity *for use or consumption other than in the course of trade or business* may bring an action either for $50 or for treble the amount by which the consideration exceeded the applicable maximum price, whichever is the greater, plus reasonable attorney's fees and costs as determined by the court. * * * * If any person selling a commodity violates a regulation, order, or price schedule prescribing a maximum price or maximum prices, *and the buyer is not entitled to bring suit or action under this subsection, the Administrator may bring such action* under this subsection on behalf of the United States. * * * " (Emergency Price Control Act of 1942, U. S. Code, tit. 50, Appendix, § 925, subd. [e]). (Italics supplied.)

After this action was commenced, the foregoing statute was amended by section 108 (subd. [b]) of the Stabilization Extension Act of 1944 (Pub. Laws No. 383, ch. 325) so as to give the Price Administrator of the Office of Price Administration a right

to sue if the consumer failed to assert his cause of action within thirty days. By section 108 (subd. [c]) of the same act, that amendment is not retroactive and does not affect any question to be decided here.

The statute gives plaintiffs a cause of action in the circumstances set forth in the complaint only where the commodity is sold at a price in excess of the prescribed ceiling or maximum price and purchased by them '' for use or consumption other than in the course of trade or business ''. They cannot bring the suit or successfully maintain a cause of action unless they allege and prove that they purchased the tractor for use or consumption other than in the course of their trade or business. That allegation and proof of the fact is a statutory condition to the cause of action. The statute contains the exception as the foundation of a cause of action and plaintiffs fail to state a case since they do not negative the exception (*People* v. *Bradford,* 227 N. Y. 45; 41 Am. Jur., Pleading, §§ 92–94; 3 Carmody's New York Practice, § 928; Baylies Pleading with Practice & Forms, p. 74).

An allegation that plaintiffs are the '' ultimate consumer '' does not meet the test. The plaintiffs might be the ultimate consumer even though they purchased the tractor for use in the course of trade or business or, in other words, for a commercial use. There is no express reference in the statute to the ultimate consumer. It is correctly pointed out in the dissenting opinion in the court below that the statute quite naturally divides purchasers of commodities coming within its terms into two classes — those who purchase for use in the course of their trade or business, that is, for a commercial use, and those who purchase for use or consumption other than in the course of their trade or business, namely, for a non-commercial use. Each is an ultimate consumer. But it will be noted that the statute confers a cause of action upon the purchaser from a violator of the price regulation only in the event that he is in the latter class. In that connection it may be noted that the Price Administrator, who is charged with the duty of administration of the Emergency Price Control Act, has officially interpreted the phrase '' in the course of trade or business '' as applying to purchases by industrial and commercial consumers as well as to purchases for a resale and in general to buyers engaged in

commercial activity for profit (C. C. H. War Law Service, Price Control, Par. 42,402.16). His interpretation is entitled to great weight (*U. S.* v. *Amer. Trucking Ass'ns,* 310 U. S. 534, 549). That the foregoing construction conforms to the intent of the Congress in enacting the legislation is indicated by the Senate and House Committee Reports (Senate Report No. 931, 77th Cong. 2nd Sess. p. 8; 88 Congressional Record, Vol. 88, Part I, p. 664, Jan. 26, 1942; Conference Report on Emergency Price Control Act of 1942, 77th Cong. 2nd Sess. 1942, House Report No. 1658 pp. 26–27). Such reports are relevant and open for use in the aid of construction and a determination of congressional intent. (*Woollcott* v. *Shubert,* 217 N. Y. 212, 221–222; *Matter of Hamlin,* 226 N. Y. 407, 414–415).

Nor may the complaint be sustained by transposing the words "in the course of trade or business" as used in the statute so that they would qualify the word "buys" rather than the words "use or consumption". Such a rewriting of the statute would change its plain meaning and purpose.

In view of the conclusion that the complaint fails to state facts sufficient to constitute a cause of action it becomes unnecessary to pass upon the question as to whether the second defense is sufficient in law upon its face

The orders should be reversed and the complaint dismissed, with costs in all courts and the first question certified should be answered in the negative. The second question certified is not answered.

LEHMAN, Ch. J., LOUGHRAN, LEWIS, CONWAY, DESMOND and THACHER, JJ., concur.

Orders reversed. etc.