Paragraph 1 of each count of the complaint in this action alleges that the plaintiff is "an automobile dealer engaged in the buying and selling of new and used automobiles doing business as Jim Dolan's Auto Sales" located in California; and paragraph 2 of each count alleges that "the defendant is also an automobile dealer engaged in the purchase and sale of both used and new automobiles and doing business as Jack's Motor Sales" located in East Hartford, Connecticut.
The action seeks to recover under authority provided by the Emergency Price Control Act of 1942, as amended, it being alleged that the defendant overcharged the plaintiff in the sale of ten automobiles to him by the defendant, and the plaintiff therefore asks as damages treble the overcharge in each sale.
The defendant demurs to the complaint because the Emergency Price Control Act of 1942, as amended, does not apply to one who buys a commodity in the course of trade or business.
The statute under which the plaintiff brought this action, and must recover if he is entitled to recover at all, reads as follows: "If any person selling a commodity violates a regulation, order, or price schedule prescribing a maximum price or maximum prices, the person who buys such commodity for use or consumption other than in the course of trade or business
may . . . bring an action", etc. (Emergency Price Control Act of 1942, § 205 [e]; U.S. Code, tit. 50, Appendix, § 925 [e]). (italics added.)
This Act, therefore, gives a buyer a cause of action for treble damages only when the commodity is sold at a price in excess of prescribed ceiling or maximum price and is purchased "for use or consumption other than in the course of trade or business."
In other words, this action cannot be successfully maintained unless it is alleged and proved that the plaintiff purchased the cars for use or consumption other than in the course of his trade or business. "That allegation and proof of the fact is a statutory condition to the cause of action. The statute contains the exception as the foundation of a cause of action and plaintiffs fail to state a case since they do not negative the exception ... the statute quite naturally divides purchasers of commodities coming within its terms into two classes — those who purchase for use in the course of their trade or business, that is, for a commercial use, and those who purchase for use *Page 461 
or consumption other than in the course of their trade or business, namely, for a non-commercial use.... But it will be noted that the statute confers a cause of action upon the purchaser from a violator of the price regulation only in the event that he is in the latter class." Lightbody vs. Russell, 293 N.Y. 492,495; 58 N.E.2d 508, 510.
The complaint shows clearly that the transaction, being between two automobile dealers and concerning the sale of ten automobiles, is in all probability a purchase and sale "for use in the course of trade or business" and not for use or consumption other than in the course of trade or business, namely, for a non-commercial use. But be that as it may, the complaint must contain an allegation which places the plaintiff without the exception stated in the statute in order to entitle the plaintiff to a recovery permitted under the statute. The reason for this exception is obvious. The statute is not seeking to control maximum prices between dealers in commodities in the course of trade or business, but is seeking to control maximum prices in sales other than in the course of trade or business. This complaint lacks the allegation which is the condition to the cause of action and to a recovery.
 The demurrer is, therefore, sustained.