O. A. Severance et al., Doing Business as Severance Studio, Appellants, *v.* Kent Parker, Respondent.

County Court, Jefferson County, February 11, 1946.

*Cosgrove, Harter, Scanlon & Wright* for appellants.

*James Y. LaRue* for respondent.

Moran, J. This is an appeal from the City Court of Watertown, New York, to the County Court of Jefferson County, on a judgment rendered for the plaintiffs against the defendant, Kent Parker, on December 6, 1944, for the sum of $48.61 damages, plus costs, and on an order made in said court December 20, 1944, denying a motion by plaintiffs for correction of said judgment and for other relief.

On June 10, 1944, plaintiffs sold to defendant a Graphic Camera complete, consisting of one 4 by 5 camera with range-finder and Mendelsohn Flashgun and a carrying case at an agreed price of $169. Thereafter and between the dates of June 17, 1944, and September 15, 1944, defendant purchased several other items of plaintiff, so that the total indebtedness of defendant to plaintiffs, as agreed, amounted to the sum of $235.37. During this period defendant made payments and returned merchandise to the plaintiffs of the agreed total of $92.76, leaving a balance of $142.61 unpaid. Plaintiffs sued defendant in the City Court of Watertown by service of a summons, returnable on October 19, 1944. No complaint was served. On the return day, October 19, 1944, plaintiff Paul Severance testified before CRANDALL F. PHILLIPS, City Judge, there being no appearance on the part of the defendant, and judgment was rendered for the plaintiffs against the defendant for the sum of $143.33 damages and $3.50 costs, total $146.83. On a motion made to stay the execution of any action on the judgment and to reopen the case, both motions were granted and the case set down for trial on November 27, 1944. A verified answer and counterclaim was filed for the defendant, and on November 27, 1944, trial of the issues was had before HARRY J. GOODWIN, Acting City Judge. On December 4, 1944, following the decision of the court, judgment was rendered for the plaintiffs, and against the defendant, for $48.61 damages, costs, $8.80, total $57.41. Thereafter and on December 20, 1944, an order was made by HARRY J. GOODWIN, Acting City Judge, denying a motion on the part of plaintiffs to correct the judgment and reopen the case. It is from this order the appeal here is taken.

The plaintiffs operate a photographic studio and store in the city, selling cameras and supplies. The camera in the instant case was one used by plaintiffs in their business, and would be classed as a used camera. Defendant, in his answer and counterclaim, set up the defense that the agreed selling price was in excess of the ceiling price of such a camera under the Emergency Price Control Act of 1942 (U. S. Code, tit. 50, Appendix, § 901 *et seq.*, as amd.) and sought judgment in the sum of $371.25 as treble damages for the amount of the overcharge, together with costs and reasonable attorney fees.

Effective April 6, 1944, the Office of Price Administration fixed ceiling prices on used cameras and other photographic equipment by Maximum Price Regulation No. 516 (9 Federal Register 2563). Under this regulation, in effect at the time of

the sale herein, this camera, if sold as a Class I camera, could be sold for a price not to exceed $169, the agreed price, while if sold as a Class II camera the ceiling price would be $75.

The regulation prescribes the rules under which such a camera can be sold under Class I, and if not so sold the camera must fall into Class II. The principal requisite for Class I is a written guarantee to be furnished by the seller to the buyer, and a tag, or label, prescribed by the regulations, if the seller is a dealer in photographic equipment, attached to the article sold. Failure on the part of the seller to furnish such a written guarantee, and in case of a dealer the tag or label, automatically places the article sold in Class II.

The defendant in his answer asks for treble damages under subdivision (e) of section 205 of the Emergency Price Control Act of 1942 (U. S. Code, tit. 50, Appendix, § 925, subd. [e]). One of the requisites of this rule to allow the purchaser the penalty prescribed is that the purchase be for " use or consumption other than in the course of trade or business ". Defendant fails to make such allegation in his answer and counterclaim, hence cannot recover such damages or penalty. (*Lightbody* v. *Russell*, 293 N. Y. 492, 495.)

Plaintiffs on their part under the regulation have a duty to perform. As a general proposition sales made in violation of a statute are altogether void and unenforcible. (*Carmine* v. *Murphy*, 285 N. Y. 413.)

Here, plaintiffs sold a camera that was either a Class I or Class II article under the regulation. If Class I, then it was the duty of plaintiffs to allege and prove in their complaint a compliance with the regulation. (*International Spangles Corp.* v. *Marrow Mfg. Corp.*, 294 N. Y. 295, 299.) This, plaintiffs failed to do. Therefore, the article sold comes under Class II of the regulation.

Judgment of the City Court is affirmed.

Let an order be entered accordingly.