**BOWLES, Price Administrator, v.
MADL et al.**

**No. 3194.**

Circuit Court of Appeals, Tenth Circuit.

Dec. 10, 1945.

---

1 Emphasis supplied.

A. M. Dreyer, of Washington, D. C. (George Moncharsch, Deputy Administrator for Enforcement, David London, Acting Director, Litigation Division, and Nathan Siegel, Special Appellate Atty., Office of Price Administration, all of Washington, D. C., David Love, Regional Litigation Atty., of Dallas, Tex., and James B. Nash, Dist. Enforcement Atty., of Wichita, Kan., on the brief), for appellant.

A. J. Herrod, of Kansas City, Kan., for appellees.

Before PHILLIPS, BRATTON, and MURRAH, Circuit Judges.

MURRAH, Circuit Judge.

Chester Bowles, Administrator of the Office of Price Administration, brought an action against appellees, dealers in farm equipment, alleging violations of Section 4 (a) of the Emergency Price Control Act of 1942,[1] in the sale of certain farm equipment in excess of the maximum price established by Regulation 133. The trial court dismissed that portion of the complaint which sought statutory damages on the ground that under Section 205 (e) of the Act the cause of action belonged to the purchasers, not the Administrator, and the Administrator has appealed.

At the time this action accrued and this suit was brought, Section 205 (e) of the Act provided: "If any person selling a commodity violates a regulation, order, or price schedule prescribing a maximum price or maximum prices, the person who buys such commodity for use or consumption other than in the course of trade or business may bring an action * * *. If any person selling a commodity violates a regulation, order, or price schedule prescribing a maximum price or maximum prices, and the buyer is not entitled to bring suit or action under this subsection, the Administrator may bring such action under this subsection on behalf of the United States. * * *"[2]

---

[1] 56 Stat. 23, 50 U.S.C.A.Appendix, § 901 et seq., as amended by the Stabilization Extension Act of 1944, Pub.Law No. 383, 78th Cong., 2d Sess., June 30, 1944, 58 Stat. 640, 50 U.S.C.A.Appendix, § 925.

[2] After this action was commenced, Section 205 (e) of the Emergency Price Control Act was amended by Section 108 (b) of the Stabilization Extension Act of 1944, Pub.Laws No. 383, ch. 325, so as to give the Administrator of the Office of Price Administration a right to sue if the consumer failed to assert his cause of action within thirty days. By Section 108 (c) of the same Act, 50 U.S.C.A.Appendix, § 925 note, the amendment is not retroactive and does not affect any question to be decided here.

The sole question presented here is *whether the farm equipment involved was bought for use or consumption other than in the course of trade or business. If so, the action belonged to the purchaser. If not, it belonged to the Administrator.*

It was stipulated that the farm equipment, consisting of one tractor, two all-crop harvesters, and one two-row corn picker, was sold to named purchasers for use "in carrying on their farming operations," however in construing Section 205 (e) the trial court found that the question was not controlled by the fact that the commodity purchased was used in the course of trade or business, as contended by the Administrator, but stated that the turning point is "whether the purchaser is the ultimate consumer or whether he is engaged in a strictly commercial enterprise, that is engaged in purchasing for resale." The court found that the farmers here were the ultimate consumers of the farming equipment and therefore any cause of action for damages under Section 205 (e) belonged exclusively to them.

There is no express reference in the statute to the ultimate consumer. The statute divides purchasers of commodities coming within its terms into two classes —those who purchase for use in the course of trade or business, that is, for a commercial use, and those who purchase for use or consumption other than in the course of their trade or business, namely, for a non-commercial use. Each is an ultimate consumer. Lightbody v. Russell, 293 N.Y. 492, 58 N.E.2d 508. "The fact that the purchaser was the ultimate consumer of the material is of no significance, for the statute impliedly excludes not only purchasers for use in the course of trade, but also purchasers for consumption in the course of business." Bowles v. Seminole Rock & Sand Co., 5 Cir., 145 F.2d 482, 483.

In Speten v. Bowles, 8 Cir., 146 F.2d 602, it was held that "purchase of harvesting and threshing machinery for carrying on purchaser's general farming operations is for 'use in course of trade or business' within Emergency Price Control Act, so that Price Administrator may sue seller for treble amount * * *."

In Bowles v. Rogers, 7 Cir., 149 F.2d 1010, 1011, where a tractor and various pieces of tractor equipment were sold to individuals engaged in the business of farming, the court stated: "There is no

question on the record but that the farmers purchased the machinery for consumption in their business of farming. The individual farmer was not the consumer of the tractor as if it were food or clothing, nor was he the consumer who purchased it for use or consumption 'other than in the course of trade or business.' Therefore, the farmer was not entitled to bring the action."

Following the reason in the above cases, we held in Bowles v. Jones, 151 F.2d 232, that cottonseed sold to feeders was purchased for consumption in the course of business, thereby vesting a cause of action for statutory damages in the Administrator. What we said there is opposite and controlling of the facts here, and the case is accordingly reversed.