## LEE v. KIMBRO.

### No. 14835.

Court of Civil Appeals of Texas.
Fort Worth.

April 18, 1947.

Rehearing Denied May 9, 1947.

Collins & Taylor, Chester B. Collins and Frank F. Taylor, all of Fort Worth, for appellant.

Frank Massey, of Fort Worth, for appellee.

264

HALL, Justice.

Appellee Arthur A. Kimbro sued appellant Willis Lee in the 17th District Court of Tarrant County to recover treble damages growing out of an alleged $340. overpayment as a penalty under the Emergency Price Control Act of 1942, as amended, 50 U.S.C.A.Appendix, §§ 901–925, and Maximum Price Regulation 540, as amended. Said overcharge was alleged to have been made by appellant when he sold appellee an automobile on the 22nd day of January, 1946. Judgment was entered for appellee, based on jury findings in the sum of $893.-55, same being three times the amount of the overcharge found by the jury, plus $300 as attorney's fees.

Appellant Lee submits 10 points of error to this court. His main contention is set out in his Points Numbers 1 to 5 inclusive, wherein he complains of appellee's pleadings failing to set out a cause of action in not showing for what purpose appellee purchased the car, as well as error in the trial court overruling his motion for instructed verdict because of insufficient pleadings and evidence under the Statute to establish appellee's purpose in purchasing the car, and that the court further erred in refusing to submit appellant's requested issues inquiring of the jury to find for what purpose, use or consumption appellee purchased the car. The Emergency Price Control Act, as amended, is in part as follows: "Sec. 925(e) If any person selling a commodity violates a regulation, order, or price schedule prescribing a maximum price or maximum prices, the person who buys such commodity for use or consumption other than in the course of trade or business may, within one year from the date of the occurrence of the violation, except as hereinafter provided, bring an action against the seller on account of the overcharge. In any action under this subsection, the seller shall be liable for reasonable attorney's fees and costs as determined by the court, plus whichever of the following sums is greater: (1) Such amount not more than three times the amount of the overcharge, or the overcharges, upon which the action is based as the court in its discretion may determine, or (2) an amount not less than $25 nor more than $50, as the court in its discretion may determine: * * · * If any person selling a commodity violates a regulation, order, or price schedule prescribing a maximum price or maximum prices, and the buyer either fails to institute an action under this subsection within thirty days from the date of the occurrence of the violation or is not entitled for any reason to bring the action, the Administrator may institute such action on behalf of the United States, * * *."

We assent to appellant's contention in his Point Number 4 wherein he sets out that the trial court erred in refusing to submit to the jury his Special Issue Number 1, to wit:

"Do you find from a preponderance of the evidence that plaintiff, Arthur A. Kimbro, purchased the automobile in question with the intention of using the same in the course of his trade or business?"

We find the leading cases hold that if the purchase was made for use or consumption other than in the course of trade or business, the action belongs to the purchaser. If not, it belongs to the administrator. The record in this case contains sufficient evidence to submit to the jury the question for what purpose the purchaser bought the automobile. In fact, Item 5 recited in appellee's insurance policy introduced in evidence on the automobile is sufficient to raise the issue as follows:

"Use: The purposes for which the automobile is to be used are business and pleasure.

"(a) The term pleasure and business is defined as personal pleasure, family and business use.

* * * * * *

"(c) Use of automobile for the purposes stated includes the loading and unloading thereof."

It is evident that the statutory provisions giving a right of action for treble damages against sellers where sales of commodities are made in violation of the Emergency Price Control Act and regulations issued thereunder are mutually exclusive and give but one right of action, either to the administrator or to the purchaser, but

not to both.  50 U.S.C.A. Appendix, § 925(e).

■ It follows, therefore, that as stated in the case of Lightbody et al. v. Russell (Bowles, Price Adm'r, Intervener), by the Court of Appeals of New York, 293 N.Y. 492, 58 N.E.2d 508, 509, "The statute gives plaintiffs a cause of action in the circumstances set forth in the complaint only where the commodity is sold at a price in excess of the prescribed ceiling or maximum price and purchased by them 'for use or consumption other than in the course of trade or business.' They cannot bring the suit or successfully maintain a cause of action unless they allege and prove that they purchased the tractor for use or consumption other than in the course of their trade or business. That allegation and proof of the fact is a statutory condition to the cause of action. The statute contains the exception as the foundation of a cause of action and plaintiffs fail to state a case since they do not negative the exception."

■ This case further holds that the price administrator has officially interpreted the phrase, "in the course of trade or business", as applying to purchases by industrial and commercial consumers, as well as to purchases for a re-sale and in general to buyers engaged in commercial activity for profit. And, as stated in said case, "his interpretation is entitled to great weight". We find, therefore, that an issue substantially the same as set out by appellant, supra, should have been submitted to the jury. It being defensive in its nature, it follows, however, that since the burden of proof is upon appellee to establish his right of recovery under said Act, it is not amiss to suggest that an issue placing the burden upon the plaintiff should have also been given, inquiring of the jury substantially to the effect, did appellee purchase the automobile for use or consumption other than in the course of trade or business?

It was held in the case of Speten v. Bowles, 8 Cir., 146 F.2d 602, that the purchase of harvesting and thrashing machinery for carrying on general farming operations was done for the use in course of trade or business, and therefore the price

administrator had the right to bring a cause of action instead of the purchaser.

In the case of Bowles v. Rogers, 7 Cir., 149 F.2d 1010, 1011, it was held that, "there is no question on the record but that the farmers purchased the machinery for consumption in their business of farming. The individual farmer was not the consumer of the tractor as if it were food or clothing, nor was he the consumer who purchased it for use or consumption 'other than in the course of trade or business.'

"Therefore, the farmer was not entitled to bring the action."

The same line of thought was held in the case of Bowles v. Jones, 10 Cir., 151 F.2d 232, where it was found that cotton seed was sold to feeders, the same was purchased for consumption in the course of business, thereby vesting a cause of action in the administrator rather than the purchaser. See also Bowles, Price Administrator v. Madl, 10 Cir., 153 F.2d 21. Only the price administrator had the authority to bring a cause of action where a railroad purchased crushed rock for use in maintaining its road beds. Bowles v. Seminole Rock & Sand Co., 5 Cir., 145 F.2d 482. See Young v. Wierenga, 314 Mich. 287, 23 N.W.2d 92, by Supreme Court of Michigan.

In the case of Bowles, Price Administrator v. Whayne, et al., 6 Cir., 152 F.2d 375, it was held where a coal mining company purchased a dragline machine for use in its business of mining coal and not for re-sale of the machine, the purchase was for use in the course of a trade or business, and therefore, the purchaser did not have right to recover, but the same was authorized by the administrator.

■ Appellant also contends that plaintiff's petition was subject to special exception for failure to plead that the automobile was purchased for use or consumption other than in the course of plaintiff's trade or business. While there may be some doubt about whether the special exception in question should be regarded as a special exception, or as merely a general demurrer, under the tests announced in Kelly v. Wright, Tex.Sup., 188 S.W.2d 983, we still say, in view of another trial, that the petition is

subject to the criticism made of it in this court.

From what we have said, we find it necessary to reverse and remand the case for new trial, and it is so ordered.