**FLEMING, Administrator, Office of Temporary Controls, Office of Price Administration, v. EXLINE et al.**

Civil Action No. 386.

District Court, S. D. Texas, Corpus Christi Division.

Oct. 10, 1947.

William P. Dobbins and W. C. Williams, both of San Antonio, Tex., for plaintiff.

A. H. Lumpkin, of San Antonio, Tex. for defendant Al. V. Exline.

Davis, Hall, Clemens & Knight, of San Antonio, Tex., for defendants Modena Fields Exline and John L. Fields, Jr.

HANNAY, District Judge.

This is a case arising under the Emergency Price Control Act, 50 U.S.C.A.Appendix, § 901 et seq., whereby plaintiff seeks to recover, originally as against Al V. Exline and wife, Modena Fields Exline, doing business as Fields Lumber Company, of Arkansas Pass, Texas, damages for alleged overcharges in the sale of lumber.

Findings of Fact.

The lumber yard in question was owned originally by John L. Fields, Jr., son of Modena Fields Exline. This young man, at the outset of World War II, entered the Canadian Air Forces, later transferring to the air branch of the United States Army. Just before he went into military service he deeded the property in question unconditionally to his mother. He was away during the entire period of the war. Soon after her son left, Mrs. Fields married Al V. Exline, of San Antonio, Texas, a photographer by occupation. They were husband and wife during the time of the alleged violations complained of but were divorced before the actual trial of this case. Soon after the Exlines married, and before the alleged violations occurred, Al V. Exline was named as manager of the lumber yard although his wife knew at the time that he was not a lumber man. Exline, with the consent of his wife, hired an experienced lumber man to operate the lumber yard. After the cessation of hostilities, John L. Fields, Jr., returned from the service, and his mother (then still married to Al V. Exline) reconveyed the lumber yard to him by general warranty deed. John L. Fields, Jr., was not joined in this cause of action until the 7th day of September, 1946, more than a year after the alleged violations occurred.

Defendants have filed various pleadings denying the transactions in question and asserting other defenses which are not material in view of the basis of the decision of this court hereinafter set out.

Plaintiff has abandoned any attempt to recover against the defendant John L. Fields, Jr.

Defendants also urge, among other defenses, that the plaintiff is not entitled to recover against any of the defendants, for two reasons, to-wit:

"1. The amended complaint does not allege that the purchasers of the goods as listed on the exhibit attached to the complaint bought such commodities "for use or consumption other than in the course of trade or business."

"2. The proof wholly fails to show that the purchasers bought the commodities "for use or consumption other than in the course of trade or business."

In support of these contentions, they rely on Section 205(e) of the Emergency Price Control Act of 1942, as amended, which provides that when any person selling a commodity violates a regulation prescrib-

ing a maximum price or maximum prices, the person who buys such commodity "for use or consumption other than in the course of trade or business" may bring an action against the seller and the buyer either fails to institute an action under such sub-section within 30 days from the date of the occurrence of the violation, or is not entitled for any reason to bring action, the Administrator may institute such action on behalf of the United States within one year.

A careful examination of plaintiff's pleadings fails to show any allegation that the persons who bought the commodities listed on the exhibit purchased them "for use or consumption other than in the course of trade or business."

On the trial of the case plaintiff did not offer any evidence as to the character of the purchasers, nor do the exhibits reflect the nature of the purchasers as being within the terms of the statute above referred to.

### Conclusions of Law.

In the case of Lightbody et al. v. Russell, Bowles, Price Administrator, Intervenor, 293 N.Y. 492, 58 N.E.2d 508, 509 et seq., the New York Court of Appeals, by unanimous vote, decided that under similar circumstances involving the sale of a truck, the complaint did not state a cause of action, and ordered the case dismissed. In so doing, that Court used the following language:

"The statute gives plaintiffs a cause of action in the circumstances set forth in the complaint only where the commodity is sold at a price in excess of the prescribed ceiling or maximum price and purchased by them 'for use or consumption other than in the course of trade or business.' They cannot bring the suit or successfully maintain a cause of action unless they allege and prove that they purchased the tractor for use or consumption other than in the course of their trade or business. That allegation and proof of the fact is a statutory condition to the cause of action. The statute contains the exception as the foundation of a cause of action and plaintiffs fail to state a case since they do not negative the exception. * * *

"An allegation that plaintiffs are the 'ultimate consumer' does not meet the test. The plaintiffs might be the ultimate consumer even though they purchased the tractor for use in the course of trade or business or, in other words, for a commercial use. There is no express reference in the statute to the ultimate consumer. It is correctly pointed out in the dissenting opinion in the court below that the statute quite naturally divides purchasers of commodities coming within its terms into two classes—those who purchase for use in the course of their trade or business, that is, for a commercial use, and those who purchase for use or consumption other than in the course of their trade or business, namely, for a non-commercial use. Each is an ultimate consumer. But it will be noted that the statute confers a cause of action upon the purchaser from a violator of the price regulation only in the event that he is in the latter class. In that connection it may be noted that the Price Administrator, who is charged with the duty of administration of the Emergency Price Control Act, has officially interpreted the phrase 'in the course of trade or business' as applying to purchases by industrial and commercial consumers as well as to purchases for a resale and in general to buyers engaged in commercial activity or profit. * * * nor may the complaint be sustained by transposing the words 'in the course of trade or business' as used in the statute so that they would qualify the word 'buys' rather than the words 'use or consumption.' Such a rewriting of the statute would change its plain meaning and purpose."

I conclude, as a matter of law, that the omissions above set forth are fatal to a recovery by plaintiff herein.

I therefor hold that the plaintiff is not entitled to recover against any of the defendants herein, and they are here now discharged with their costs.

The Clerk will notify the counsel.