ARNOLD, V.C.J., and WELCH, CORN, LUTTRELL, JOHNSON, and O'NEAL, JJ., concur.

## WELCH v. HUDDLESTON.

No. 33295. Feb. 23, 1949.

*203 P. 2d 430.*

Joseph A. Moran, A. A. Davidson, and O. C. Essman, all of Tulsa, for plaintiff in error.

H. F. Fulling, of Tulsa, for defendant in error.

LUTTRELL, J. The decisive question presented on this appeal is whether plaintiff could maintain this action. The trial court held that she could and rendered judgment in her favor, and defendant appeals.

Essential facts established by the evidence are that on August 18, 1945, one Abbott, a used car dealer in Tulsa, sold to plaintiff, Mrs. C. R. Huddleston, without warranty, a 1941 Ford automobile at a price in excess of the ceiling price permitted by the regulations of the Office of Price Administration. Plaintiff purchased the car for use as a taxicab, and it was used in a taxicab line operated by her in Tulsa. Prior to the institution of this action Abbott died, and within due time plaintiff presented to his administrator a claim for triple damages, or three times the amount of the overcharge, with interest, and for a reasonable attorney's fee. The claim was rejected by the administrator, whereupon plaintiff filed this action.

Defendant administrator demurred to plaintiff's petition, objected to the introduction of any evidence thereunder, and when plaintiff rested her case, demurred to the evidence and stood on his demurrer. Whereupon the court overruled defendant's demurrer to the

evidence and rendered judgment in favor of plaintiff for the amount of the original overcharge, but denied the right of plaintiff to recover triple damages, holding that as to the amount sought in excess of the overcharge the action was for a penalty and did not survive Abbott's death.

Defendant here contends that because plaintiff's petition failed to show, and her proof failed to establish, that she bought the automobile "for use or consumption other than in the course of trade or business," she could not maintain the action, and that it could be brought only by the Price Administrator. This contention is based upon the provisions of section 205 (e) of the Emergency Price Control Act of 1942, 50 U.S.C.A. App. §925 (e). That section, in so far as pertinent to the question involved, provides as follows:

"If any person selling a commodity violates a regulation, order, or price schedule prescribing a maximum price or maximum prices, the person who buys such commodity for use or consumption other than in the course of trade or business may bring an action either for $50 or for treble the amount by which the consideration exceeded the applicable maximum price, whichever is the greater, plus reasonable attorney's fees and costs as determined by the court. . . . If any person selling a commodity violates a regulation, order, or price schedule prescribing a maximum price or maximum prices, and the buyer is not entitled to bring suit or action under this subsection, the Administrator may bring such action under this subsection on behalf of the United States. . . ."

The provisions of the above-quoted statute have been construed numerous times by both state and federal courts, and the authorities seem unanimous in holding that where property is purchased for use in a trade or business at a price in excess of the ceiling price fixed by the Office of Price Administration, the Administrator is the only party who can maintain an action to recover the damages provided in the Act.

Thus, in Bowles, Adm'r, v. Rogers (C.C.A. 7) 149 Fed. 2d 1010, the court held that farmers engaged in the business of farming, who purchased tractors and pieces of tractor equipment at a price above the ceiling price, could not maintain an action to recover damages for such violation of the Act, but that the right to maintain such an action was vested exclusively in the Price Administrator. In that case, after quoting that portion of section 925 (e), set out above, the court said:

"There is no question on the record but that the farmers purchased the machinery for consumption in their business of farming. The individual farmer was not the consumer of the tractor as if it were food or clothing, nor was he the consumer who purchased it for use or consumption 'other than in the course of trade or business'. Therefore, the farmer was not entitled to bring the action. If a farmer who is a buyer is not entitled to bring the action, the Administrator may bring it on behalf of the United States."

In Allen v. Walton, 163 Kan. 642, 185 P. 2d 154, plaintiff sued for damages for an alleged overcharge in the sale of an automobile to him. In that case, as in the instant case, plaintiff did not plead, or prove, that the automobile purchased by him was for use or consumption other than in the course of trade or business. The trial court quoted with approval from the opinion in Lightbody v. Russell, 293 N. Y. 492, 58 N.E. 2d 508, as follows:

"The statute gives plaintiff a cause of action in the circumstances set forth in the complaint only where the commodity is sold at a price in excess of the prescribed ceiling or maximum price and purchased by them 'for use or consumption other than in the course of trade or business'. They cannot bring the suit or successfully maintain a cause of action unless they allege and prove that they purchased the tractor for use or consumption other than in the course of their trade or business. That allegation and proof of the fact is a statutory condition to the cause of action. The statute contains the ex-

ception as the foundation of a cause of action and plaintiffs fail to state a case since they do not negative the exception."

The Kansas court cites numerous cases in support of its decision. Other cases holding in accord with the cases above cited are Bowles, Price Administrator, v. Whayne (C.C.A. 6) 152 Fed. 2d 375, and Bowles v. Rock, 55 Fed. Supp. 865.

Plaintiff cites no authority to the contrary. Of the three Federal cases cited by him, Bowles v. Rock, supra, holds contrary to his contention, Bowles, Adm'r, v. Rogers, 57 Fed. Supp. 988, was reversed in Bowles, Adm'r, v. Rogers, supra, by the Circuit Court of Appeals, and Bowles v. Chew, 53 Fed. Supp. 787, deals with a different situation, and does not involve the question here presented.

It follows that the trial court erred in overruling defendant's demurrer to the evidence and in rendering judgment for plaintiff.

Our holding above renders it unnecessary to determine whether or not the action could be maintained after the death of Abbott, which is the only other question presented by the parties.

Reversed, with directions to sustain defendant's demurrer to plaintiff's evidence, and render judgment for defendant.

ARNOLD, V.C.J., and WELCH, CORN, HALLEY, JOHNSON, and O'NEAL, JJ., concur.