THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FAMOUS BEERS, INC., Appellant.— Appeal by defendant from a judgment of a City Magistrate, holding a Court of Special Sessions of the City of New York, Borough of Richmond, convicting it of violating subdivision 5 of section 104 of the Alcoholic Beverage Control Law, in that defendant's address, inscribed on the side of its truck, was two and a quarter inches in height, although its name, type of license and license number were each three and a half inches in height. Judgment reversed on the law, the complaint dismissed, and defendant discharged. In our opinion, the statute requires only the inscription of the type of license and license number to be three and a half inches high. The name and address of the licensee need not be that height, but must comply with section 116 of the Alcoholic Beverage Control Law. This also is the interpretation of the State Liquor Authority, which is entitled to great weight. (*Lightbody* v. *Russell*, 293 N. Y. 492, 495–496; *United States* v. *American Trucking Assns.*, 310 U. S. 534, 549; *National Labor Relations Bd.* v. *Hearst Publications*, 322 U. S. 111, 130–131; *Matter of Mounting & Finishing Co.* v. *McGoldrick*, 294 N. Y. 104, 108.) If the interpretation of subdivision 5 of section 104 of the Alcoholic Beverage Control Law urged by the People were adopted, it would be in conflict with the

provisions of section 116 of the Alcoholic Beverage Control Law. Nolan, P. J., Johnston, Adel, Sneed and MacCrate, JJ., concur.