In the Matter of JOSEPH SCHWARTZ, Petitioner, against JOSEPH D. McGOLDRICK, as State Rent Administrator, Respondent.

Supreme Court, Special Term, Queens County, June 11, 1954.

*Irving Pinsky* for petitioner.

*Robert H. Schaffer* for respondent.

PETTE, J. Application, pursuant to article 78 of the Civil Practice Act, for an order reviewing and annulling the determination of the State Rent Administrator.

Petitioner is the owner of certain premises at Rockaway Beach which, since 1941, have been used exclusively as a rooming house. The premises contain six one-room units and seven two-room units. Prior to October, 1951, said premises had no heating facilities and were rented and used during the summer season only, Rockaway being a noted seashore resort. In 1951, petitioner installed a central heating system which furnished heat to all the rooms and in October of that year petitioner rented the rooms for the first time for use during the winter months. On October 10, 1951, petitioner filed the required registration statement with the local rent office. Petitioner indorsed thereon a statement that the accommodations were summer exempt and that the registered rents applied only to the eight winter months.

On August 10, 1953, the local rent administrator instituted proceedings to reduce the registered rents for each of the units. On September 30, 1953, the local rent administrator issued an order reducing the rents, which order was affirmed by the State Rent Administrator. The rents thus fixed were for year-round occupancy, the Administrator having issued an opinion that a landlord forfeits his right to seasonal exemption when he rents the premises all year round.

It might be well to dispose of the summer exemption issue first. Subdivision 3 of section 10 of the State Rent and Eviction Regulations provides that the regulations do not apply to housing accommodations located in a resort community and customarily rented on a seasonal basis prior to October 1, 1945, and which were not rented at any time between November 1, 1943, and February 29, 1944. The instant premises meet these requirements. The Administrator, however, has issued an opinion (Administrator's Opinion, No. 101) interpreting said regulation to mean that summer resort accommodations are entitled to the exemption only (a) when they are rented only during the summer, or (b) where rented for the summer at a seasonal rental and during the remainder of the year at a much lower rental.

If the exemption of summer resort property were contained in the law itself instead of in the regulations, the Administrator's opinion might be insufficient to override the plain language defining what constitutes summer resort property, which definition clearly includes the instant premises, but the law contains no exemption of summer resort property (cf. L. 1946, ch. 274, § 2, as amd.). It is only by virtue of the regulations that summer resort property is exempt and since these regulations lie within the control of the Administrator, it cannot be said that his determination to grant an exemption only where the property is not used all year round at the same rental is arbitrary or unreasonable. Nor does it matter that the Administrator issued his interpretative opinion twenty-three months after the petitioner commenced renting during the winter months. The Administrator has the power to '' adopt, promulgate, amend or rescind '' regulations (L. 1950, ch. 250, § 4, as amd.).

With respect to the method of fixing the rent, petitioner contends that the maximum rent for rooming houses must be based upon rents in the same establishment.

Subdivision 4 of section 21 of the regulations provides that for housing accommodations first rented after March 1, 1950, the maximum rent shall be the first rent charged, provided it is duly registered, but the Administrator may order a decrease as provided in subdivision 1 of section 34 where said rent is substantially higher than the maximum rents for comparable housing accommodations. Subdivision 1 of section 34 contains two subdivisions. Paragraph (a) is applicable to housing accommodations '' other than in a rooming house ''. Paragraph (b), which applies to rooming houses, provides that the Administrator may order a decrease where the rent estab-

lished pursuant to subdivision 4 of section 21 " is substantially higher than the maximum rents for comparable accommodations in the same establishment ". Literally this language limits the comparison to other accommodations in the same establishment. However, since there were no other rents fixed for the same establishment, there is no basis for comparison in this proceeding unless the Administrator may be permitted to compare the rooms with other accommodations outside this establishment. Under these circumstances, the regulations being inadequate to meet the situation, the law itself must be consulted.

Subdivision 3 of section 4 of the State Residential Rent Law (L. 1946, ch. 274, as amd. by L. 1951, ch. 443) provides in instances such as this, that is, where no maximum rent was established on March 1, 1950, that " the maximum rent thereof shall be fixed by the commission, having regard to the maximum rents for comparable housing accommodations or any other factors bearing on the equities involved, consistent with the purposes of this act." Since the Administrator's action was specifically enjoined by law, the failure of the regulations to cover the situation does not preclude the Administrator from applying the law as written. · It was, therefore, within the competence of the Administrator to fix the maximum rents in accordance with those fixed for comparable housing accommodations in the vicinity.

Petitioner, however, contends that the Administrator failed to base his determination upon really comparable accommodations. The local rent administrator sent out form No. S 36, stating that he proposed to fix the rent and to find the essential services required to be furnished. On the back of said form, the local rent administrator listed four addresses as being comparable housing accommodations. While the inspector's report shows, with respect to the petitioner's premises, the size and location of each room, the number of windows, the equipment and the condition of each room, nowhere in the return is there any similar information with respect to the allegedly comparable accommodations. Neither are the rents for said premises set forth. Obviously, it is impossible for this court to review the Administrator's determination unless such facts are included in the return. The courts have repeatedly pointed out the necessity for administrative bodies to make findings of fact. (*Matter of Scudder* v. *O'Connell,* 272 App. Div. 251, 253; *Matter of Aisloff* v. *Board of Standards & Appeals of City of N. Y.,* 276 App. Div. 907, 908; *Matter of American Seminary of*

*Bible* v. *Board of Standards & Appeals of City of N. Y.*, 280 App. Div. 792, 793; *Matter of Page* v. *Fletcher*, 279 App. Div. 847.) In each of the cited cases, the courts annulled the determination and remitted the matter to the administrative body for reconsideration, with leave to the parties to submit other and further proof. Such disposition is required here.

One further point raised by the petitioner requires mention. Petitioner claims that the respondent gave no consideration to the equities involved. Petitioner alleges (par. 14 of the petition) that prior to October, 1951, the summer rents averaged $300 per room for the summer season. The rents fixed by the Administrator average about $7.71 per week or only about $400 for the entire year, during part of which the petitioner must furnish heat. If these be the facts, it would seem that the respondent failed to heed the statute under which he fixed the rents. Subdivision 3 of section 4 (L. 1951, ch. 443, § 4, subd. 3) provides that the maximum rent " shall be fixed by the commission, having regard to the maximum rents for comparable housing accommodations *or any other factors bearing on the equities involved* ". (Emphasis supplied.)

The determination of the respondent is annulled and the proceeding remitted to the State Rent Commission for reconsideration and the making of a new determination in proper form, with leave to the parties to submit such other and further evidence as they may be advised.

Settle order.