■ In the Matter of SOLOMON BERGER, Respondent, v. ROBERT E. HERMAN, as State Rent Administrator, Appellant.— In a proceeding under article 78 of the Civil Practice Act, to review a determination of the State Rent Administrator who held that five apartments in a co-operative apartment house containing 16 apartments were not eligible for decontrol, the Administrator appeals from an order of the Supreme Court, Kings County, dated March 29, 1960, granting petitioner's application and annulling the Administrator's determination. Order reversed on the law and the facts, with costs, determination of State Rent Administrator reinstated, and proceeding dismissed. Findings of fact inconsistent herewith are reversed, and new findings are made as indicated herein. The record supports the Administrator's finding that the five subject apartments in the co-operative apartment house here involved were vacated by tenants or sublessees and not by their owners. Therefore, these five apartments were subject to control by the Administrator pursuant to paragraph (i) of subdivision 2 of section 2 of the Emergency Housing Rent Control Law (L. 1946, ch. 274, as amd.) and subdivision 12 of section 9 of the State Rent and Eviction Regulations. The learned Special Term erred in holding that the five apartments were decontrolled. The interpretation of the rent regulations by the Rent Administrator is entitled to great weight. His finding that these five apartments were not decontrolled is not arbitrary, capricious or unreasonable, and is supported by the evidence in this record (*Bowles* v. *Seminole Rock Co.*, 325 U. S. 410, 413, 414; *Matter of Schwartz* v. *McGoldrick*, 206 Misc. 444, 447; *Lightbody* v. *Russell*, 293 N. Y. 492). The authorities which hold that an owner of a co-operative apartment may evict a tenant if he seeks possession in good faith for self-occupancy without a showing of immediate and compelling necessity (*Matter of Wattley* v. *State Rent Comm.*, 280 App. Div. 762, affd. 304 N. Y. 819; *Matter of Flamman* v. *McGoldrick*, 279 App. Div. 854; *Matter of Massey* v. *Temporary State Housing Rent Comm.*, 279 App. Div. 1090), have no application here. In our opinion, an apartment in a co-operative apartment house becomes decontrolled only when it is vacated by an owner, and not by a

tenant or a sublessee (Emergency Housing Rent Control Law, § 2, subd. 2, par. [i]; L. 1946, ch. 274, as amd.; State Rent and Eviction Regulations, § 9, subd. 12). Nolan, P. J., Ughetta, Kleinfeld, Christ and Pette, JJ., concur.