John W. Sweeny, J.
By this article 78 proceeding a judgment is sought reversing, as a matter of law, a determination of the Commissioner of New York State Department of Social Services whereby petitioner was denied child care services.
Petitioner, a mother of three children age six, five and two, is a recipient of Aid to Dependent Children (A. D. C.) from the Department of Social Services. After becoming a recipient of *635 A. D. C., she enrolled as a full time student in a four-year college nursing program.
From August, 1972 until July, 1973 the Orange County Department of Social Services provided, as part of its assistance to petitioner as authorized by paragraph (d) of subdivision 6 of section 131-a of the Social Services Law, direct payment for day care services for her youngest child while petitioner attended her nursing classes.
On June 13, 1973 the petitioner completed a Department of Social Services application form for continuation of day care services. On June 26, 1973, the department denied her request for such services because the petitioner was enrolled in a four-year educational program, vis-á-vis a two-year occupational training program.
A fair hearing was held to determine petitioner’s eligibility under the statute and department regulations. The petitioner contended that after two years of her present educational studies she would be eligible to take an examination for certification as a practical nurse. Hopefully, she would then become self-supporting and then complete, at her option, the four-year educational program in which she has been enrolled. It should be noted that at the fair hearing petitioner did not substantiate her claim that the four-year program in which she is enrolled would in fact make her eligible to become a practical nurse after two years’ training.
The commissioner, by a decision dated October 9, 1973, sustained the position taken by the local department that 18 NYCRR 369.10 (b) (Rules and Regulations of the Department of Social Services) permits payment for day care services while a parent is enrolled in school only if it is a two-year educational program which has a “ vocational objective.” Petitioner was denied these services because it Vas determined that her program had a four-year duration.
The regulation in question, 18 NYCRR 369.10 (b), provides in part: “ Day care shall be provided .children * * * when such care is needed because of the inability of the parents • * * to provide care * * * because of participation in occupational training, employment, illness, incapacity or other reason7 and when such care is in the best interest of the child and the parent.” (Emphasis supplied.)
Section 131-á (subd. 6, par. [d]) of the'Social Services Law authorizes the department to make provisions for day care services while a home-maker is receiving occupational training. Section 18 NYCRR 385.1 (a) (4) of the department regulations *636 provides that a recipient between 16 and 64 years of age shall be determined to be employable except if he or she is involved in vocational training or rehabilitation program which includes but is jnot limited \to participation in a two-year college program with a specific vocational objective.
18 NYCRR 352.7 (e) (1) provides for incidental education allowances, given directly to the recipient in his or her budget for such items as books and supplies, indirectly for child care services by the department purchasing such services, when a recipient is receiving occupational training which includes participating in a two-year college program with a vocational objective.
At the fair hearing, the petitioner took the position that her four-year course of study should be considered as falling within the two-year provisions of the regulations.. However, upon this application she would have the court interpret the last part of 369.10 (b), which reads “ and when such care is in the best interest of the child and the parent ” as blanket authority for the department to provide day care services whenever it would be in the best interests of a recipient, without any time.limitation on the duration of the educational program.
At the outset the court must reject any such interpretation of this regulation as it is clear that the afore-mentioned phrase is intended to merely qualify the previously mentioned categories in which day care services are authorized and was not intended to establish another separate category which would have no definable limitations.
Respondents admit that 369.10 (d), particularly when read in conjunction with 385.1 (a) (4), is somewhat indefinite with reference to the duration of day care services which can be rendered while a recipient is a participant in an “ occupational training ” program. However, it is quite clear that this regulation should be read in conjunction with 352.7 (e) (1) which places an outside limit of two years on the duration of additional allowances, including child care services, which a recipient can receive while participating in an “ occupational training program.”
The commissioner’s administrative letter dated December 8, 1972 interprets the regulations to limit day care services to two years while a recipient is in a two-year college program with a vocational objective.
The court is satisfied that since the commissioner’s interpretation of the regulations is not inconsistent with the applicable provisions df the Social Services Law and does not exceed the *637 enactment it should be controlling and should not be disturbed (cf. Matter of Sigety v. Ingraham, 29 N Y 2d 110, 115; Matter of Luxenberg v. Stichman, 2 A D 2d 605, 607; Lightbody v. Russell, 293 N. Y. 492, 496). Accordingly, the court rejects petitioner’s attempt to have the regulations construed to provide unlimited day care services while a recipient is attending school.
■However, due to the unique circumstances presented by this proceeding the court believes that the commissioner’s determination to withhold the balance of two years of child care services is contrary to the intent of section 131 of the Social Services Law, arbitrary, and that it should be reversed.
There is every indication that petitioner began this training program with a good faith belief that she would be able to obtain child care services long enotigh to permit her to accumulate sufficient training to enable her to become a licensed practical nurse and therefore self-sufficient. Since the local department apparently had full knowledge of petitioner’s intentions and provided, without objection, child care services during the first year of her training, it should now be estopped from .changing its position to its own and petitioner’s detriment.
The apparent problem in this case is that petitioner is enrolled in an undergraduate four-year college rather than a straight two-year nursing program. Because of this the court can only surmise that it will take her somewhat longer than the usual two years to qualify for a practical nurses’ license. Be that as if may, the respondents have invested public funds to bring petitioner to the point where she has almost become self-sufficient. It would seem to be an abuse of discretion, as well as a violation of the intent of section 131 of the Social Services Law, to now prevent petitioner from continuing her training to the point where she and her children could become self-sufficient.
Accordingly, the determination of the commissioner is hereby reversed and the respondents are directed to reinstitute payment for child services as of April 15, 1974. These payments are to continue while petitioner is in training for a total of 12 more months unless petitioner accomplishes her occupational objective within that period of time in which case payments for such child care services shall immediately terminate.