THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. PHILIP McCALL, Appellant.— Appeal by defendant from a judgment of the County Court, Suffolk County, rendered October 26, 1962 after a jury trial, convicting him of operating a policy business (Penal Law, § 974-a) and of the possession of policy slips (Penal Law, § 975) and imposing sentence. Judgment affirmed. The evidence warranted the conviction (cf. *People* v. *Hines,* 284 N. Y. 93, 104–105; *People* v. *Wolosky,* 296 N. Y. 236, 238; *People* v. *Persce,* 204 N. Y. 397, 402). The indictment was a simplified indictment and complied with the requirements specified in sections 295-b, 295-c and 295-d of the Code of Criminal Procedure. Therefore, it may not be held that the count of the indictment

charging defendant with the crime of possession of policy slips, contrary to section 975 of the Penal Law, was defective because it did not allege specifically that defendant was not a public officer. If proof on the trial were required as to whether defendant was or was not a public officer, he had the burden of proving that he was a public officer (*People* v. *Bradford,* 227 N. Y. 45, 48; *People* v. *D'Amato,* 12 A D 2d 439, 445). The motions during the trial: (a) for a declaration that the search warrant was improperly issued and executed, and (b) for the suppression of the evidence seized under the search warrant, were properly denied (*People* v. *Massey,* 38 Misc 2d 403; *People* v. *Montanaro,* 34 Misc 2d 624; Code Crim. Pro., § 813-d). Assuming *arguendo* that a motion to vacate a search warrant and for the return and the suppression of evidence may be made pursuant to sections 813-c, 813-d and 813-e of the Code of Criminal Procedure, irrespective of whether any motions were made to vacate the search warrant and for the restoration of property pursuant to sections 807 and 809 of the Code of Criminal Procedure (*People* v. *Montanaro, supra*), nevertheless, no motions may be made during the trial to vacate a search warrant and for the return and suppression of evidence, unless the motion comes within the exceptions prescribed by section 813-d of the Code of Criminal Procedure (also, see, Code Crim. Pro., §§ 518, 518-a). The defendant did not come within such exceptions. Beldock, P. J., Ughetta, Brennan, Hill and Hopkins, JJ., concur.