433 F.2d 4
 UNITED STATES of America ex rel. Peter TARALLO, a/k/a Peter
Taro, Relator-Appellant,
v.
J. Edwin LaVALLEE, Warden of Clinton Prison, Dannemora, New
York,Respondent-Appellee.
 No. 838, Docket 34609.
 United States Court of Appeals, Second Circuit.
 Argued June 3, 1970.
Decided Oct. 15, 1970.
 
 Kent Greenawalt, New York City, for relator-appellant.
 Joel Lewittes, Asst. Atty. Gen. (Louis J. Lefkowitz, Atty. Gen. of the State of N.Y., and Samuel A. Hirshowitz, First Asst. Atty. Gen., on the brief), for respondent-appellee.
 Before LUMBARD, Chief Judge, and SMITH and KAUFMAN, Circuit Judges.
 LUMBARD, Chief Judge:
 
 
 1
 Peter Tarallo appeals from the denial of his petition for habeas corpus by the United States District Court for the Southern District of New York. Tarallo was indicted for the commission of two separate unrelated armed robberies which were joined for trial. He was convicted on September 30, 1964, after a jury trial in New York County, of one of the robberies and was sentenced as a second felony offender to fifty to seventy years. The increased penalty of five to ten years imprisonment, included in this sentence, was imposed because appellant was armed while committing the crime. His appeal raises two points: (1) that the separate charges of robbery should not have been joined for trial and he should have been granted a severance, and (2) that a warrant issued to search his apartment for 'stolen property' was unconstitutionally vague and the items seized pursuant to the warrant should have been suppressed. We reject these claims and affirm the dismissal of the petition.
 
 
 2
 On September 6, 1963, Tarallo and an accomplice robbed Mrs. Lewitt and her daughter-in-law at their apartment, held them at gun point for fifty minutes, ransacked the apartment, handcuffed the women to the toilet, and left with over $16,000 worth of jewelry. One month later, Tarallo and the same accomplice, who later testified at the trial for the state, robbed Mrs. Match in a similar fashion. These two robberies were joined for trial. At the initial colloquy before the trial began, appellant moved for a severance of the unrelated charges. He repeated this motion at the end of the voir dire and at the end of the state's opening statement, and all these motions were denied. It was not until the end of the state's case, however, that he moved for a severance 'on an additional ground' (Tr. 960)-- that he wanted to testify on the charges involved in the Match robbery but not on the charges in the Lewitt robbery. This motion too was denied, and Tarallo eventually took the stand and testified as to both robberies. The jury returned a verdict of guilty on the Lewitt count; the Match count, on which the jury could not agree, was severed and dismissed.
 
 
 3
 With respect to appellant's first argument, we do not have to reach the constitutional question whether a defendant is denied his Fifth Amendment privilege against self-incrimination if he is compelled to testify on two charges that are joined for trial, when he wants to testify on only one and is refused a severance. Under state law, a trial judge has great discretion in deciding whether or not to grant a severance. Section 279 of the New York Code of Criminal Procedure permits the joinder of charges 'for two or more acts or transactions constituting crimes of the same or a similar character,' and provides that severance of them is within the discretion of the trial judge and may be granted if he feels that the party seeking the severance has shown good cause.[1] Thus under the state statute, the movant must demonstrate how he will be prejudiced by denial of the severance.
 
 
 4
 Appellant's pre-trial motion for severance was simply grounded on the bare allegation that 'defendant is placed in a very, very prejudicial position by being charged with two crimes when it's difficult enough for me to meet one of them.' This hardly represents enough information as to how he would be prejudiced to constitute good cause. The courts have held that merely because two counts are harder to try than one does not demonstrate prejudice so as to require severance in all cases. Johnson v. United States, 356 F.2d 680, 682 (8th Cir.), cert. denied, 385 U.S. 857, 87 S.Ct. 105, 17 L.Ed.2d 84 (1966). And we have previously observed that the fact that evidence relevant to one indictment may not be relevant to another does not demonstrate prejudice. United States v. Nadler, 353 F.2d 570, 572 (2d Cir. 1965).
 
 
 5
 It was not until after the close of the state's case that appellant moved for a severance on the ground of his desire to testify on one count but not on the other. The exigencies of a trial and the need for orderly procedure require that the motion to sever be made at the earliest possible moment.[2] There seems to be no reason why appellant could not have moved for severance on this ground before trial. More than seven months elapsed between appellant's indictment and the trial, and appellant had counsel some time before the trial began. Thus, he should have known before trial on which counts he wanted to testify; and hence his failure to move for severance on that ground until the end of the state's case cannot be excused.
 
 
 6
 Moreover, in order for a defendant to be granted a severance, he must make a 'convincing showing that he has both important testimony to give concerning one count and strong need to refrain from testifying on the other.' Baker v. United States, 131 U.S.App.D.C. 7, 401 F.2d 958, 977 (1968). Tarallo made no such showing to the trial judge even in his motion at the end of the state's case; all he presented was the fact that he had to make an 'election,' not that he was confronted with a dilemma fraught with prejudice. Thus he did not show 'good cause' for a severance, as required by section 279 of the New York Code of Criminal Procedure; and consequently the trial judge did not abuse his discretion in denying Tarallo's motion. Nor does Tarallo make a sufficient showing of prejudice on appeal. He claims, apparently for the first time on appeal, that the reason he wished to testify on the Match charges was that he had met his accomplice a few blocks from the scene of the robbery for an unrelated purpose and he had to explain those circumstances to the jury. This argument is insubstantial and appears to be an afterthought. Finally, there is some doubt as to whether the appellant can, in any event, challenge the trial judge's broad discretionary power on collateral attack. See United States ex rel. Best v. Fay, 239 F.Supp. 632 (S.D.N.Y.) aff'd 365 F.2d 832 (2d Cir. 1966), cert. denied, Best v. Fay, 386 U.S. 998, 87 S.Ct. 1319, 18 L.Ed.2d 347 (1967); United States ex rel. Brown v. LaVallee, 424 F.2d 457 (2d Cir. 1970).
 
 
 7
 Tarallo's second argument is that the failure to suppress evidence gathered in an allegedly illegal search and used in connection with the Lewitt charge violated his rights under the Fourth and Fourteenth Amendments. The state argues that we do not need to reach this constitutional issue and we agree. Tarallo has failed to comply with state law in raising this objection. The New York Code of Criminal Procedure 813-c provides for a suppression motion to be made by the party aggrieved.[3] Section 813-d(1) requires that, in the absence of cause (not present here), the motion be made 'with reasonable diligence prior to the commencement of any trial';[4] and section 813-d(4) provides that if no motion is made
 
 
 8
 'in accordance with the provisions of this title, the defendant shall be deemed to have waived any objection during trial to the admission of evidence based on the ground that such evidence was unlawfully obtained.'
 
 
 9
 These provisions have been uniformly enforced in the New York courts. See People v. McCall, 19 A.D.2d 630, 241 N.Y.S.2d 439 (2 Dept. 1963), which held that a motion to vacate a search warrant and to suppress evidence could not be made during trial; People v. Britton, 26 A.D.2d 586, 271 N.Y.S.2d 1010 (2 Dept.1966), cert. denied, Britton v. New York, 386 U.S. 935, 87 S.Ct. 963, 17 L.Ed.2d 808 (1967), which held that a defendant could not complain on appeal of an allegedly unlawful search and seizure where no motion was made prior to trial for suppression of the evidence.
 
 
 10
 The search warrant and affidavit under attack by Tarallo were filed with the state court over five months before the trial commenced but no pre-trial motion to suppress was made with respect to any of the evidence seized. Early in the trial, Mrs. Lewitt testified and identified several small pieces of her husband's jewelry as having been among the property taken in the robbery, and the items were admitted into evidence without objection. Later in the trial, when a detective testified to having recovered the jewelry pursuant to a search warrant, Tarallo objected only on the ground that there had been no connection between the jewelry and himself. Finally, at the end of the state's case, Tarallo objected to the introduction of the jewelry into evidence on the ground that there was no proof that the items came from his apartment, and it was only at this time that the trial judge stated: 'I am considering this, in effect, if not in form, a motion to suppress' (Tr. 967).
 
 
 11
 Therefore, when the jewelry was originally introduced into evidence, appellant failed to object on the ground of an illegal search and seizure; and he did not press his objection on that ground until after the state's evidence was already in. At no point did he request a factual hearing or did he contend that the warrant was issued without probable cause. Under these circumstances, with the state having raised an objection pursuant to section 813-d, the appellant's application made at the close of the state's case, which may be deemed a motion to strike the evidence from the record, did not meet the timeliness requirements of section 813-d.
 
 
 12
 Tarallo argues that he did make a motion to suppress and that it was timely and ruled on adversely by the trial judge. He points to the fact that at the time the detective was testifying, the trial judge stated: '* * * I would regard it (the motion of Tarallo concerning the lack of connection between the jewelry and himself) as timely if it were made at a more appropriate time' (Tr. 664). In context however, this seems to relate the judge's desire to have the motion come at a point in the trial where it would not disturb the order of witnesses and necessitate lengthy conferences out of the hearing of the jury. In the absence of more precise language, this statement cannot be taken as a ruling against the state's objection that appellant should have moved before trial. Shortly after this exchange, the following colloquy took place between the state and the court:
 
 
 13
 For the record, Your Honor, I object to this occurring now. Mr. Diremzo has been in this case since March 30th. The proceeding to contravert could have been made with or without standing.
 
 
 14
 I don't see that now is the time to make such a motion.
 
 
 15
 The Court: Well, all right, I have heard your objection, but, in any event, I am going to look at the affidavit (Tr. 971-72).
 
 
 16
 There is no clear indication in these words that Tarallo's failure to comply with section 813-d had been excused, particularly in light of the state's reliance on it.
 
 
 17
 We find that Tarallo failed to comply with section 813-d of the New York Code of Criminal Procedure and therefore may not raise his objection on a habeas corpus petition.
 
 
 18
 As we find that there is an adequate state ground upon which to dispose of this appeal, we do not need to reach the question whether or not the introduction of the stolen jewelry into evidence was harmless error. See Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969). There is little likelihood however, that any harm was done by the allegedly inadmissible evidence. Tarallo was positively identified by Mrs. Lewitt as well as by his accomplice. In addition, the gun used in the Lewitt robbery was found in Tarallo's possession when he was arrested and was identified by Mrs. Lewitt and the accomplice.
 
 
 19
 We commend assigned counsel, Kent Greenawalt, Esq., for his very able representation of the appellant.
 
 
 20
 Affirmed.
 
 
 
 [1]
 Section 279 of the New York Code of Criminal Procedure provides in relevant part:
 'Where, there are several charges * * * for two or more acts or transactions constituting crimes of the same or a similar character, instead of having several indictments * * * the whole may be joined in one indictment * * * in separate counts * * *; provided, however, that where the charges involve two or more acts or transactions constituting crimes of the same or a similar character which are neither connected together nor parts of a common scheme or plan, the court, in the interest of justice and for good cause shown, may, in its discretion, order that the different charges set forth in the indictment * * * be tried separately. * * *'
 Compare Federal Rules of Criminal Procedure Rules 8(a) and 14.
 
 
 [2]
 See generally the ABA Standards relating to Joinder and Severance, Approved Draft 1968, 2.1 and comments following indicating that
 'If a defendant is aware of a ground for severance before trial, he should not be allowed to delay his motion until the trial has commenced. Such delay, if allowed, would frequently result in disruption of judicial processes and a waste of court and prosecution resources.' At p. 27.
 
 
 [3]
 New York Code of Criminal Procedure Section 813-c
 'A person claiming to be aggrieved by an unlawful search and seizure and having reasonable grounds to believe that the property, papers or things, hereinafter referred to as property, claimed to have been unlawfully obtained may be used as evidence against him in a criminal proceeding, may move for the return of such property or for the suppression of its use as evidence. The court shall hear evidence upon any issue of fact necessary to determination of the motion.
 
 
 [4]
 New York Code of Criminal Procedure 813-d provides:
 '1. The motion shall be made with reasonable diligence prior to the commencement of any trial in which the property claimed to have been unlawfully obtained is proposed to be offered as evidence, except that the court shall entertain a motion made for the first time during trial upon a showing that (1) the defendant was unaware of the seizure of the property until after the commencement of the trial, or (2) the defendant, though aware of the seizure prior to trial, has, only after the commencement of the trial, obtained material evidence indicating unlawful acquisition, or (3) the defendant has not had adequate time or opportunity to make the motion before trial.